## COURT OF ·APPEALS,
### April 6, 1909.
## THE PEOPLE v. MAURICE FITZGERALD.

(195 N. Y. 153.)

(1). TRIAL—STATEMENT BY JUDGE.

It is important on the trial of a criminal cause that the court should state distinctly to the jury, preferably at the beginning of the charge, all the elements of the crime for which defendant is indicted.

(2). SAME—PENAL CODE, SECTION 528—STATUTORY DEFINITION OF LARCENY EXPLAINED.

The· appropriation of property contemplated by section 528 of the Penal Code means the *taking* of such property for the defendant's own use, or that of some one other than the true owner. Intent alone to misappropriate property which a defendant has rightfully received is, not sufficient to constitute the crime of larceny.

*People v. Fitz-Gerald,* 130 App. Div. 124, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the First Judicial Department, entered January 15, 1909, which affirmed a judgment of the Court of General Sessions in the· county of. New York, rendered upon a verdict convicting the defendant of the crime of grand larceny in the second degree.

The facts, so far as material, are stated in the opinion.

*Clark L. Jordan,* for appellant. The court erred in its charge to the jury and in its refusal to charge as requested, and thereby prejudiced the defendant. *McDonald v. B. L. & C. Co.,* 193 N. Y. 92; *People v. Birnbaum,* 114 App. Div. 480.

*William Travers Jerome, District Attorney (Robert C. Taylor,* of counsel), for respondent. The alleged erroneous charge as to "intent" was in any event subsequently cured. *People v. Benham,* 160 N. Y. 443; *People v. Petmecky,* 99 N. Y. 422;

*People v. Rodawald,* 177 N. Y. 428; *People v. Johnson,* 185 N. Y. 232.

WILLARD BARTLETT, J.:

The defendant, an attorney at law, collected from the city of New York the sum of $500 in settlement of an action which he brought against the city in behalf of one Theresa Happel, as administratrix of her deceased child. Under an agreement with Mrs. Happel he was entitled to retain one-half of this sum as his compensation. The indictment, as amended, charged him with having feloniously appropriated the other half to his own use. The evidence was conflicting, but sufficed to sustain the conviction and the judgment must be affirmed, unless the trial court erred in its rulings upon matters of law to the detriment of the defendant. The record presents only one serious question in this respect. That relates to the necessity of an actual appropriation of the money, as an element of the crime charged, in addition to an intent to appropriate it to the defendant's own use.

The learned trial judge, after having declined to charge a request proffered by counsel for the defendant, said that the jury "are to determine whether the act of the defendant in keeping the money for that length of time after having received it was justified, and they are to determine whether any demand [on the part of the client] was necessary. If the jury believe that between August, 1907, and January 18th [1908], there was an intent on the part of the defendant to misappropriate that $250 to his own use and not turn it over to his client—if they find that intent existed they may convict. And it was not necessary to constitute that crime that he should be guilty of any deceit to his client, that he had or had not collected it. If he was guilty of that deceit, that is another element by which the jury may determine whether or not he had an intent to keep it himself."

To this instruction, counsel for the defendant duly excepted.

In the principal charge the jury had already been instructed as follows: "Now, on the whole evidence and testimony and proofs, if you believe that this defendant, when he collected that money, at any time from the time he collected it up to the time of his indictment, did not intend to deliver the proper share to the complaining witness, then he is guilty of larceny as alleged and your verdict will be guilty."

Taking these two instructions together, they conveyed the idea that the simple *intent* to misappropriate the money belonging to the complainant, which the defendant had rightfully collected and received as her attorney, would suffice to constitute the crime.

This was error, and the exception to the second instruction makes the error reviewable in this court. It would be fatal to the judgment if it had not been clearly and distinctly corrected by what followed, but we think it was thus corrected, and, therefore, that the defendant could not have suffered thereby.

After the second instruction which we have quoted had been given, the court read to the jury section 549 of the Penal Code, which provides that the fact that the defendant intended to restore the property stolen or embezzled constitutes no ground of defense or of mitigation of punishment if he has not been restored before complaint to a magistrate charging the commission of the crime, and added: "I have charged the jury that if they find that he intended to appropriate that money at any time to his own use, they may find him guilty."

Here, again, the intent was emphasized as the sole element of guilt, irrespective of any actual misappropriation, but fortunately this led to the correction of the error. Counsel for the defendant thereupon asked the court to charge "that intent, unless coupled with some overt act, could not make him guilty of larceny." To this request the court responded: "I have all

along assumed with the intent, *that he used the money;* that he not only intended to take it for a second of time, but *did do it,* and then afterwards, after he used the money, he then in January, or we will say any other time, wanted to return it, still that would be larceny, and the fact that he changed his mind and wanted to restore the money, decided he would like to restore the money, that would not relieve him of the crime, just as this section shows, section 549, which says that the fact that the defendant intended to restore the property stolen or embezzled is no ground of defense or of mitigation of punishment, if it has not been restored before complaint to the magistrate."

This appears to have been satisfactory to the defendant's counsel, who requested no further or other instruction except that if the defendant did not have the money but proposed to give it to his client at some other time, that would relieve him; to which the court responded: "I did charge that. I have explained that to the jury before."

There being clear and direct evidence that the defendant had admitted the misappropriation of the money, we think the court's explanation that what had been said in reference to intent was applicable only in case the jury found that the defendant had in fact used it for his own purposes, cleared up any misapprehension that would otherwise have existed; and that they could not have found the defendant guilty unless they were satisfied beyond a reasonable doubt that he actually applied his client's money to his own use.

Errors in the principal charge or instructions given thereafter which the trial judge finds it necessary subsequently to correct have been unfortunately common in many records which have lately come before us. More care should be exercised to avoid such errors. Even though we may think that they have been corrected so as to be rendered harmless to the defendant, nevertheless they produce an unfavorable impression as to the care with which justice is administered. The efficient influence of

the courts is largely dependent upon the opinion which the community entertains in regard to their ability; and the frequent commission even of harmless errors is not conducive to public confidence. We refer here not to rulings upon debatable questions of law concerning which there may well be differences of opinion among good lawyers, but to mistakes which are patent upon the slightest consideration. The principal assignment of error which has been considered in the present case suggests the importance of stating distinctly to the jury, preferably at the beginning of the charge, all the elements of the crime for which the defendant is indicted. If this had been done here there would have been no serious question presented by this appeal. The jury have been told that the appropriation of property contemplated by section 528 of the Penal Code, under which the defendant was indicted, meant the *taking* of such property for the defendant's own use or that of some one other than the true owner; and that unless there had been such a taking he was not guilty. It is true that the section of the Code was read to the jury and they were told that if the defendant appropriated the $250 to his own use with intent to deprive the complainant thereof, he was guilty of the crime chargd in the indictment; that this was immediately followed by so much about the intent, ignoring the act, that we should fear the jury might have deemed the intent alone sufficient to constitute the crime if it had not been for the correction which was subsequently made. There would have been no trouble if the jury had been told at the outset that the essential element of the crime charged in the indictment was the taking of the complainant's money to the defendant's own use.

For the reasons which we have given, however, we conclude that the judgment should be affirmed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.