GODFREY ABRAMS, Respondent, v. GREAT AMERICAN INSURANCE COMPANY, NEW YORK, Appellant.

(Argued October 17, 1935; decided November 19, 1935.)

*Alonzo L. Tyler* and *Forrest E. Single* for appellant. Plaintiff's own evidence shows affirmatively, and without room for contrary inference, that he "entrusted" the jewels to another. (*Rosenthal* v. *American Bonding Co.*, 207 N. Y. 162; *Marcus* v. *U. S. Casualty Co.*, 249 N. Y. 21; *Hewit Pharmacies, Inc.*, v. *Ætna Life Ins. Co.*, 148 Misc. Rep. 663; 241 App. Div. 781; *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452; *Nelkin* v. *Provident Loan Society*, 265 N. Y. 393; *Lake* v. *Simmons*, [1927] A. C. 487; *Genesee Wesleyan Seminary* v. *United States F. & G. Co.*, 247 N. Y. 52; *Zink* v. *People*, 77 N. Y. 114; *People* v. *Meadows*, 199 N. Y. 1; *Wilson* v. *People*, 39 N. Y. 459; *Weyman* v. *People*, 4 Hun, 511; 62 N. Y. 623; *People* v. *Ehrlich*, 190 App. Div. 302; *Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 303; *Siegel* v. *Union Assurance Society*, 90 Misc. Rep. 550.)

*Charles H. Tuttle, Milton W. Levy, Henry Gerson* and *Edward J. Gould* for respondent. The plaintiff's loss is expressly covered by the terms of the policy and does not fall within the exceptions. (*Schumacher* v. *Great Eastern*, 197 N. Y. 58; *Hennessey* v. *Knights of Columbus*, 239 App. Div. 409; *Lake* v. *Simmons*, [1927] A. C. 487; *People* v. *Miller*, 169 N. Y. 339.)

O'BRIEN, J. Defendant issued to plaintiff a jewelers' block policy which covers loss "arising from any cause whatsoever except * * * (a) Loss or damage or expenses by or resulting from theft, conversion or other act or omission of a dishonest character * * * on the part of * * * any person to whom the property hereby insured may be *entrusted* by whomsoever for any purpose whatsoever * * *."

Through trick and device, by means of false representations and with intent to steal, Rose Friedman induced plaintiff to deliver to her two articles of jewelry valued at more than $15,000 for the purpose, intended by him and professed by her, of effecting a sale by her to one

whom she pretended was a prospective customer. She had previously established her credit with plaintiff and, unsuspecting, he relied upon her supposed integrity. After securing possession of the jewelry, which plaintiff in a spirit of confidence delivered to her, she absconded with the proceeds of her crime to France whence she was extradited and upon indictment pleaded guilty to grand larceny. This crime had its inception in the mind of the criminal prior to her receipt of the stolen goods but it was not consummated until she had secured possession through delivery by plaintiff to her. Intent alone is not sufficient, possession must also be obtained. (Penal Law, § 1290; *People* v. *Miller*, 169 N. Y. 339; *People* v. *Fitz-Gerald*, 195 N. Y. 153.)

If plaintiff *entrusted* the jewelry to Rose Friedman, the transaction falls within the exception, and the loss arising from the larceny or " theft " or " act of a dishonest character " by the person to whom the property was " entrusted " is not covered by the policy. The language employed in the contract of insurance must be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it. Such common words in the policy as " theft," " dishonest " and " entrusted " cannot be deemed to have been used as words of art with legalistic implications. The exception in the policy does not include such phrases as " common law or statutory larceny " but the plain word " theft." When the word " entrusted " appears in the contract the parties must be deemed to have entertained the idea of a surrender or delivery or transfer of possession with confidence that the property would be used for the purpose intended by the owner and as stated by the recipient. The controlling element is the design of the owner rather than the motive of the one who obtained possession. Because plaintiff was deceived and his confidence was abused, he *entrusted* his property to a thief. The meaning of the word as used in this contract is such

─

" as common thought and common speech would now imagine and describe it." (*Van Vechten* v. *American E. F. Ins. Co.*, 239 N. Y. 303, 307.) Our view of the case places us in agreement with the decision in *Lake* v. *Simmons*, decided by the Court of Appeal ([1926] 2 K. B. 51), rather than the opposite decision by the House of Lords in the same case ([1927] A. C. 487).

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.