THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEROY BEST, Appellant.

Third Department, March 16, 1938.

*William E. J. Connor*, for the appellant.

*Edward H. Best, District Attorney*, for the respondent.

BLISS, J.   The appellant and Floyd Sanford were indicted jointly for the crime of robbery in the first degree.   The indictment contains two counts, first, that the robbery was committed while the defendants were armed with a dangerous weapon, namely, a wrench, and second, that it was committed with the aid and use of an automobile.   Some time before appellant's trial Sanford was permitted to plead guilty to robbery in the third degree and was sentenced accordingly.   Appellant pleaded not guilty and was convicted on the trial.   For present purposes little need be said about the alleged crime itself save that it smacks of a comic opera.   The actual robbery, if any, was committed by Sanford while appellant remained outside in an automobile.   Sanford, who appeared at the trial as a witness for the prosecution, conceded that he was drunk at the time and that he did not know what he was doing.   There is, however, enough evidence in the record, if believed, to establish the robbery by Sanford and participation by Best.

The trouble with this conviction is that the appellant did not have a fair trial with a fair presentation of the question to the jury. The trial court at the outset charged that " robbery was committed at the time and place charged in the indictment, because the undisputed testimony so shows."   The court then stated " the State contends that this defendant was what we commonly call an accomplice in the commission of this crime," and again, " If you believe the defendant was an accomplice in this crime your verdict must be a verdict of guilty in one of the three degrees as defined in the Penal Law, as against him, because the evidence of Mr. and Mrs. Beneway is that they were robbed, and that is undisputed."   The court also discussed the law with relation to a conviction on the testimony of an accomplice.   The effect of this charge was that the jury were told deliberately and as a matter of law that the crime for which defendant was then on trial had been committed and that

the only question for them to decide was whether he was an accomplice in its commission.

Section 338 of the Code of Criminal Procedure states: " The plea of not guilty is a denial of every material allegation in the indictment." But this charge did not leave to the jury the question whether the crime of robbery in the first degree or in fact any crime had been committed. They were told the crime charged had been committed. The jury were not allowed to pass upon the testimony of Sanford or the Beneways as to the crime itself. They were not permitted to reject Sanford's testimony as to what happened in the Beneway home even though on his own confession he was at the time so drunk that he did not know what he was doing. This was no mere expression of opinion as to the facts by the trial judge.

All the elements of the crime for which a defendant is indicted should be stated distinctly to the jury, preferably at the beginning of the charge. (*People* v. *Fitz-Gerald*, 195 N. Y. 153.) Although felonious intent is a necessary element of the crime of robbery (*People* v. *Koerber*, 244 N. Y. 147) and the intent with which the property is taken is a question of fact for the jury (*Hope* v. *People*, 83 N. Y. 418), the trial court failed completely to make any reference to intent in his charge. The general rule in criminal cases is that the question of criminal intent must be submitted to the jury, however significant the facts may be, and the question of intent can never be ruled as a question of law, but must always be submitted to the jury. (*People* v. *Flack*, 125 N. Y. 324.)

This charge was not a correct statement of the law such as should have been given (Code Crim. Proc. § 420), and its highly prejudicial effect upon the jury cannot be overestimated.

The judgment should be reversed and a new trial directed.

HILL, P. J., and McNAMEE, J., concur: CRAPSER and HEFFERNAN, JJ., dissent, and vote to affirm.

Judgment of conviction reversed on the law, and new trial granted.