LEONARD J. BANACH, Appellant, v. AETNA CASUALTY & SURETY Co., Respondent.

Fourth Department, October 28, 1971.

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels of counsel), for appellant.*

*Mackenzie, Smith, Lewis, Michell & Hughes (Barry M. Shulman of counsel), for respondent.*

GABRIELLI, J. We have for review an order of Special Term granting defendant's motion for summary judgment dismissing plaintiff's complaint.

Appellant was the owner of certain rental property which he leased to one Archambo on September 1, 1967 on a week-to-week basis, which he used as living quarters for himself, his wife and children. Following the births of his son Terrylee and a daughter Wendy on December 30, 1967, Archambo made repeated request s that adequate and sufficient heat be furnished by the appellant. Wendy became ill, developed acute pneumonitis, and required medical attention. Terrylee also became ill, contracting acute bilateral pneumonitis, from which he died on March 7, 1968. Archambo commenced actions against appellant herein on behalf of his infant daughter and also as administrator of the estate of his deceased son Terrylee, in which he alleged that the illness and death were caused by plaintiff's negligence.

In the Wendy Archambo action, it is alleged that plaintiff "was negligent and careless * * * in that he negligently failed to provide sufficient and adequate heat", that he failed "to have adequate heating devices present and working properly" and, further, that he failed to maintain properly the heating devices.

In the wrongful death action, it was alleged that the negligence "consisted of failure to use reasonable care in the management of the premises * * * and in particular, in supplying adequate heat" and also "in failing to heed the notices * * * for more heat and [he] was otherwise negligent".

During this period, appellant was the holder of a policy of insurance which provided that respondent was required: " [To] pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident".

Following respondent's disclaimer of liability for the reason that the illness and death did not result from an "accident", appellant commenced this action for a declaratory judgment. There followed cross motions for summary judgment resulting in an order dismissing the complaint. The sole issue presented is whether the Archambo complaints, alleging a failure to provide adequate heat for the rented premises, are sufficient to sustain a charge that the illness and death resulted from an accident. We agree with Special Term that they are not.

While we are required to give a liberal interpretation to these complaints, any construction of them must be based upon existent factual allegations therein, coupled, of course, with any other documents submitted upon the argument of the motions. In this connection, we take special note of appellant's affidavit wherein he stated that the actions were founded in negligence "solely as a result of my negligence and carelessness in failing to use reasonable care in the management of the premises; in negligently failing to supply sufficient heat which I was required to do, and failing to heed the notices of the plaintiff [Archambo] in the request for more heat and for repairs to the heating system". Noticeably lacking in this affidavit, made by the person most apt to know, is any allegation or statement of any "accidental" act on his part or any factual explanation of what he did or did not do which could be equated with an accident.

The illness of the child Wendy and the death of Terrylee were due to a progressive disease, spanning a period of several weeks or months. The facts of this case are analogous to those presented in *Jackson* v. *Employers' Liab. Assur. Corp.* (139 Misc. 686, affd. 234 App. Div. 893, affd. 259 N. Y. 559). In that case (as here) the plaintiff was the landlord and the infant child of one of his tenants died, resulting in an action against the plaintiff because of a failure to provide sufficient heat. In *Jackson* there was a similar policy provision providing for coverage in any action brought based on injury or death "accidentally sus-

tained ''. It was there held that such a failure to furnish heat was not an accident or '' accidentally sustained ''. These words, '' accident '' or '' accidentally sustained '' must be considered in light of the general principle that in construing such a policy, the language employed is to be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it (*Abrams* v. *Great Amer. Ins. Co.*, 269 N. Y. 90, 92). Of compelling significance is the fact that the illness and death resulted from a continuous and progressive development over some period of time, and not as the result of an illness occasioned by a definite or specific occurrence or series of such occurrences of a sudden nature (cf. *City of Fulton* v. *Great Amer. Ind. Co.*, 11 Misc 2d 536, affd. 7 A D 2d 832; 30 N. Y. Jur., Insurance, § 1170). We recognize that the definition of an accident is not strictly limited to a single or sudden application of some external and violent force (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83), but this cited case clearly distinguished factual situations similar to our case by stating that when illnesses stem solely from '' a bodily process both natural and normal, their action presents itself to the mind as a disease and not an accident '' (pp. 85-86). Appellant's reliance on *Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.* (267 App. Div. 333, revd. on other grounds 293 N. Y. 523) lends no support to his position. There, an affirmative act by the offending party caused the damage. There is an absence of any such action here. In this connection we note that in *Berger*, the court distinguished *Jackson* v. *Employers' Liab. Assur. Corp.* (*supra*) on the facts only, whereas the case before us is not so distinguishable.

Viewing the pleadings and appellant's supporting affidavit in a light most favorable to him, we are unable to find any claim of an accident, requiring respondent to defend and the order should, therefore, be affirmed.

CARDAMONE, J. (dissenting). I dissent because it was premature to have granted defendant's motion to dismiss the complaint prior to amplification of it by appropriate disclosure proceedings, which should be permitted. In reading the pleadings in a light most favorable to the plaintiff, as we must on a motion to dismiss it, it seems clear that a charge against plaintiff Banach of a negligent act identifiable in space and time could properly be spelled out in a bill of particulars. Such an alleged negligent act, if proven, brings this case squarely within the determination of this court in *Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.* (267 App. Div. 333). Thus, the judgment should be reversed and defendant's motion denied.

WITMER and MOULE, JJ., concur with GABRIELLI, J.; GOLDMAN, P. J., not participating; CARDAMONE, J., dissents and votes to reverse and deny the motion in a memorandum.

Order affirmed, without costs.