■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RENE SANTANA and RAFAEL ZARZUELA NUNEZ, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Queens County, rendered January 22, 1971, convicting them, after a jury trial, of robbery in the first and second degrees, grand larceny in the third degree and assault in the second degree, and imposing sentence. Judgment reversed on the law and the case is remanded to the Supreme Court, Queens County, for a new trial. The court's charge, while not excepted to, contained several errors which individually and collectively deprived defendants of a fair trial. Defendants were charged with, *inter alia,* having committed the crime of robbery in the first degree by " using

or threatening the immediate use of a dangerous instrument" pursuant to subdivision 3 of section 160.15 of the Penal Law. Nevertheless, the trial court instructed the jury that it could find appellants guilty of robbery in the first degree under three definitions of the crime specified in section 160.15 of the Penal Law, by stating: "With these definitions and instructions in mind, if you find beyond a reasonable doubt that either or both of the defendants forcibly stole money from Eusebio Valdez by being armed with a deadly weapon or using or threatening the immediate use of a dangerous instrument or causing serious physical injury, you may find him or them guilty of robbery in the first degree." Defendants were entitled to be tried according to the allegations of the indictment and the submission to the jury of theories not charged in the indictment (or supported by any evidence adduced at trial) requires reversal even in the absence of any exception by defense counsel (*People* v. *Nicoll*, 3 A D 2d 64). The court's charge exceeded the boundaries of the indictment. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.