■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER TONY WHITFIELD, JR., Also known as TONY WHITFIELD, Appellant.—Judgment reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant was indicted for rape first degree (Penal Law, § 130.35). At defendant's request the court charged down to sexual misconduct (Penal Law, § 130.20) but it did so knowing that the District Attorney had insisted throughout the trial in response to several inquiries of defense counsel that the sole theory of the prosecution was forcible rape. The jury retired and after several hours returned for additional instruction on consent. Over the exception of the defendant the court charged for the first time that lack of consent could be based upon lack of capacity (Penal Law, § 130.05, subd 3, par [a]). The victim was 16 years old. The jury then returned a verdict of guilty of sexual misconduct. Sexual misconduct based upon the incapacity of the victim to consent is not a lesser included offense of rape first degree under the facts of this case and it was improperly submitted to the jury. The judgment is reversed and the indictment dismissed. All concur, except Moule and Mahoney, JJ., who dissent and vote to modify the judgment, in the following memorandum: Defendant was indicted by a Monroe County Grand Jury on May 31, 1974 and charged with rape in the first degree in connection with a December 7, 1973 incident involving a 16-year-old Rochester school girl. The case was tried before a jury in the Monroe County Court. At the outset of the trial defendant requested that a hearing be held

on the constitutionality of section 130.05 (subd [3], par [a]) of the Penal Law, which establishes the age of nonconsent in sex offense prosecutions at less than 17 years. The court advised defendant that such a hearing would be unnecessary since he was being tried under an indictment alleging sexual intercourse by forcible compulsion, and that the age of the victim would not provide the basis for any conviction. As the trial unfolded, however, testimony was adduced that the victim was 16 years of age when the alleged offense occurred. This evidence was properly admitted as part of the surrounding circumstances relevant to the issue of consent *(People v Bercume,* 38 AD2d 356; see *People v Yannucci,* 283 NY 546). At the conclusion of all the proof, defendant requested that the court charge the jury on the elements of the offense of sexual misconduct in addition to rape in the first degree. This the court did. It charged, in substance, that rape in the first degree requires a finding of sexual intercourse by forcible compulsion while sexual misconduct only requires a finding of sexual intercourse without consent. The court did not, however, charge the jury as to the definitions of consent contained in section 130.05 of the Penal Law. As relates to the facts of this case, subdivision 2 of section 130.05 of the Penal Law, provides that lack of consent may be established by a showing of either forcible compulsion or incapacity to consent, with the latter being capable of proof by a showing that the victim was less than 17 years of age. In the course of its deliberations, the jury twice returned to seek a legal definition of the term "consent". On the first occasion the court erroneously stated that there was no such definition but on the second it stated that lack of consent could be inferred from the victim's age. Defendant excepted to this portion of the charge. Subsequently a verdict of guilty on the sexual misconduct charge was returned and defendant now appeals, his principal contentions being that the court erred in charging that the jury could infer lack of consent from the victim's age and in denying his motion for a hearing on the constitutionality of the section of the Penal Law providing the basis for that charge. Sexual misconduct, insofar as it involves the incapacity to consent due to underage of the victim, is not a lesser included offense of the crime of rape in the first degree *(People v Burch,* 281 App Div 348; *People v Andrewski,* 282 App Div 827) and it was error for the court to submit such a charge to the jury (see *People v Santana,* 42 AD2d 869). However, in this case, the charge on sexual misconduct was submitted wholly at defendant's request and insistence and when the jury asked that the term "consent", as used in the sexual misconduct charge, be defined, the court was bound to define it as provided in the statute (CPL 310.30; *People v Jackson,* 20 NY2d 440). When a defendant fails to call the court's attention to an erroneous charge by stating his objection on the record, he cannot raise such error on appeal as a matter of law (CPL 470.05, subd 2; 470.15, subd 6, par [a]; 300.50, subd 1; *People v Jones,* 32 AD2d 1069, affd 27 NY2d 501). A fortiori, when the defendant is the party who requests the erroneous charge in the first place, he cannot later, on appeal, ask to benefit by his own misdoing. Furthermore, in requesting a charge he must take the law as he finds it and the court must instruct the jury as to all the elements of the offenses submitted for its consideration *(People v Fitz-Gerald,* 195 NY 153; *People v Best,* 253 App Div 491). Although in a proper case we may reverse a conviction in the interest of justice regardless of defendant's failure to take exception or to request a charge *(People v Woods,* 30 AD2d 667), where, as in this case, the proof overwhelmingly established defendant's guilt of the crime for which he was convicted, we should decline to exercise that prerogative *(People v Jones, supra).* This should be particularly so in this

instance since the defendant could not be retried for rape as such would constitute double jeopardy (CPL 40.20; *People v Jackson, supra; People v Gesegnet,* 47 AD2d 333). As far as defendant's contention that the court erred in failing to grant a hearing on the constitutionality of section 130.05 (subd 3, par [a]) of the Penal Law is concerned, any error that may have been committed in that respect was harmless in that it did not affect the verdict of the jury on the facts of the case nor did it prejudice defendant since he may still obtain such a hearing by writ of habeas corpus *(People ex rel. Kemmler v Durston,* 119 NY 569). Upon his conviction defendant was sentenced as a youthful offender to one-year imprisonment in the Monroe County Jail. The record shows that while he did have some difficulties regarding school attendance, he has never been in any prior trouble with the law. Under these circumstances, a sentence of three years' probation in accordance with the provisions of section 65.00 (subd 3, par [b]) of the Penal Law would have been a more effective and constructive punishment. It would provide the necessary supervision and rehabilitative guidance that this defendant requires (CPL 470.15, subd 2, par [c]; subd 6, par [b]). (Appeal from judgment of Monroe County Court, adjudicating defendant a youthful offender.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.