OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment entered January 10, 1983 by Supreme Court, New York County, should be reinstated.
At issue is the construction of the exclusion from coverage of the all-risk policy issued to plaintiff by defendants oh “(A) Loss, damage or expense caused by or resulting from sabotage, theft, conversion or other act or omission of a dishonest character (1) on the part of the Assured or his or their employees, or (2) on the part of any person to whom the property hereby insured may be delivered or entrusted by whomsoever for any purpose whatsoever” (emphasis supplied). The facts as stipulated by the parties establish that defendants issued to plaintiff a jewelers’ block policy containing the above-quoted exclusion, that plaintiff was *771 contacted by one Sergio, a buyer for International Diamond & Gem of Los Angeles, California, that a letter from International confirmed that Sergio was “our buyer,” that after checking references plaintiff shipped to International on Sergio’s order loose diamonds worth $102,428.50, that postal receipts establish delivery of the diamonds to International, that the “diamonds were stolen by Paul Sergio,” and that proof of loss was filed by plaintiff and rejected by defendants on the basis of the above-quoted exclusion.
On motion and cross motion for summary judgment, Special Term granted judgment for plaintiff, reasoning that the inclusion of “employees” in clause (1) and the omission of employees from clause (2) excluded theft by an employee of a person to whom property was “delivered or entrusted.” The Appellate Division, two Justices dissenting, rejected Special Term’s reasoning and reversed “[i]n-asmuch as the clear purpose of the exclusion was to except from coverage property no longer in possession of the insured” and the language of the exclusion was broad enough to cover employees of a consignee from the insured, as well as the consignee itself (95 AD2d, at pp 270-271). The dissenters would have affirmed on the ground that it could not be inferred from the stipulated facts that International entrusted the diamonds to Sergio. We agree with the dissent.
What the policy excludes under clause (2) is loss resulting from a dishonest act “on the part of any person to whom the property hereby insured may be delivered or entrusted”. By its clear language, therefore, it excludes only acts of a person to whom property is delivered or entrusted. The burden of proving that the loss is within the exclusion of the policy is upon the insurer (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 327). That the provision excludes delivery or entrustment “by whomsoever for any purpose whatsoever” does not relieve the insurer of the burden of establishing that the dishonest act was “on the part of” a person to whom the property was delivered or entrusted. Nor should it be inferred from the fact that Sergio was an employee of International that the diamonds were delivered or entrusted to him by International, in the face of the stipulated fact that they were stolen by Sergio, *772 whether before or after or without entrustment to him we are not told.
That entrustment is to be determined by the state of mind of the insured rather than that of the recipient (Abrams v Great Amer. Ins. Co., 269 NY 90; David R. Balogh, Inc. v Pennsylvania Millers Mut. Fire Ins. Co., 307 F2d 894) is simply irrelevant absent evidence of delivery or entrustment to the person whose dishonest act is the cause of the loss. In Abrams the person entrusted by the insured was the thief; in Balogh the evidence established that the property was entrusted to the thief by the party to whom the insured entrusted it, thus bringing the situation within the “by whomsoever” language of the exclusion. More closely in point is Glick v Excess Ins. Co. (14 NY2d 635). There we held it not error to submit to the jury the question whether the consignee of insured’s jewelry had entrusted it to his employee, to whom he had given the key to the store and the combination of the safe, and who reentered the closed store during the nighttime with an accomplice and stole the jewelry. If those facts do not establish entrustment as a matter of law, the stipulation that Sergio was employed by International as its buyer is likewise insufficient to establish the delivery or entrustment to him upon which the exclusion depends.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and judgment of Supreme Court, New York County, reinstated in a memorandum.