VAN SUMNER, INC. D/B/A V-S RENTAL AND SALES v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

No. 8410SC590

(Filed 21 May 1985)

**Insurance § 144— theft of insured property entrusted to another—summary judgment for defendant improper**

    Summary judgment was improperly granted for defendant insurance company under a clause excluding coverage for infidelity of a person to whom the insured property was entrusted where a caller identifying himself as a foreman of a construction company with which plaintiff had dealt in the past inquired concerning the rental of a backhoe, provided a building address for the contractor, and requested that the backhoe be delivered to a location adjacent to a construction site; plaintiff delivered the backhoe as directed to a person who signed the rental agreement for the contractor and drove the backhoe toward the construction project; and the contractor had no employee by that name and the backhoe had not been ordered or delivered to anyone authorized

to act for the contractor. There was no entrustment of the backhoe under the terms of the policy because plaintiff's intent was to deliver the backhoe to an employee of the contractor and not to deliver the backhoe to, or to repose confidence in, the person who signed the rental agreement.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 12 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 5 February 1985.

Pursuant to the parties' stipulation, the facts of this case are undisputed. Plaintiff is engaged in the business of selling and leasing construction equipment. On 22 September 1981, T. G. Green, manager of plaintiff's Raleigh office, received a telephone call from a man who identified himself as "Jim Anderson," a foreman for Constructors, Inc., general contractor for the construction of the E. M. Johnson Water Treatment Plant in Wake County. The caller inquired concerning the rental of a backhoe and provided a billing address for Constructors, Inc. He directed Mr. Green to deliver the backhoe to the intersection of Possum Track and Ravenridge Road, a location adjacent to the construction site, and further instructed Mr. Green that if he was not at the location when the backhoe arrived, delivery should be made to the Constructors, Inc. project office. Plaintiff had done business with Constructors, Inc. on previous occasions and Mr. Green did not call Constructors, Inc. to confirm the rental of the backhoe or the billing address. Another of plaintiff's employees delivered the backhoe to the designated location where he was met by a man who identified himself as "Lewis Jones" and said that he was there to take delivery of the backhoe. He signed the rental agreement in the name of "Lewis Jones, for Constructors, Inc." Plaintiff's employee gave the keys to the backhoe to "Lewis Jones," who drove it off on a dirt road in the direction of the construction project.

Plaintiff mailed the invoice to the address provided to Mr. Green, but it was returned with the indication that the address was insufficient. Mr. Green then contacted Constructors, Inc. and was informed that Constructors, Inc. had never rented the backhoe nor received delivery of it at the construction site. It was then determined that Constructors, Inc. had no employee named Lewis Jones, and that the backhoe had not been ordered by, or delivered to, anyone authorized to act in behalf of Constructors,

Inc. The backhoe, stipulated as having a fair market value in excess of $12,000, has never been recovered.

Plaintiff was insured under an inland marine policy of insurance issued by the defendant which was in effect on 22 September 1981. The stolen backhoe was included in the schedule of insured property and was insured in the amount of $12,000. The policy contained the following language:

THIS POLICY INSURES AGAINST:

All risks of direct physical loss of or damage to the insured property from any external cause, except as hereinafter provided.

THIS POLICY DOES NOT INSURE AGAINST:

. . .

(h) Infidelity of Insured's employees or person to whom the insured property is entrusted . . . .

Defendant denied liability for the theft of the backhoe because, it contended, the backhoe had been entrusted to the man who had identified himself as "Lewis Jones," and the theft, therefore, fell within the exclusion of the policy. From summary judgment in favor of defendant, plaintiff appealed.

*Manning, Fulton & Skinner, by John I. Mabe, Jr., for plaintiff appellant.*

*Henson, Henson and Bayliss, by Perry C. Henson and Jack B. Bayliss, Jr., for defendant appellee.*

MARTIN, Judge.

The sole question for our determination is whether the exclusion clause contained in the insurance policy precludes recovery, under the policy, for loss of the backhoe. We hold that the circumstances under which plaintiff transferred possession of its property did not amount to an entrustment of the property and that the exclusion, therefore, does not deny coverage.

In the construction of an insurance policy, nontechnical words which are not defined in the policy must be given the same meaning usually given to them in ordinary speech, unless the context

in which they are used in the policy requires that they be given a different meaning. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978). Where there is no ambiguity in the language of the policy, the policy must be enforced according to its terms and liability for which the insurer did not contract may not be imposed. *Id.* However, exclusions from coverage provided by the policy are strictly construed, and when language which is reasonably susceptible of differing construction is used in the policy, it must be given the construction most favorable to the insured. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970); *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E. 2d 775 (1984).

In this case, the policy insured against physical loss of the insured property, but excluded loss caused by "*[i]nfidelity* of . . . [a] person to whom the insured property was *entrusted* [emphasis supplied]." "Entrust" is defined by Black's Law Dictionary 478 (5th ed. 1979) to mean:

> To give over to another something after a *relation of confidence* has been established. To deliver to another something *in trust* or to commit something to another with a *certain confidence* regarding his care, use and disposal of it. [Emphasis supplied.]

This definition comports with the ordinary usage of the term, as stated by Webster's Third New International Dictionary, which defines "entrust" as: "[T]o confer a trust upon; to commit or surrender to another, with a certain confidence regarding his care, use or disposal of." "Infidelity," according to Webster, means "a breach of trust." Thus, we construe the policy exclusion to exclude from coverage those losses resulting from a breach of a relationship of confidence pursuant to which property is voluntarily transferred.

There is no dispute as to the fact that plaintiff voluntarily transferred possession of its backhoe to "Lewis Jones." The dispute is whether the voluntary transfer arose out of a relationship of confidence existing between plaintiff and "Lewis Jones" so as to amount to an entrustment.

The California Supreme Court in *Freedman v. Queen Insurance Company of America*, 56 Cal. 2d 454, 15 Cal. Rptr. 69, 364

P. 2d 245 (1961), held that a policy provision excluding coverage for losses resulting from "theft . . . or other act . . . of a dishonest character . . . on the part of any person to whom the property . . . may be delivered or entrusted . . ." did not prevent recovery where the theft was committed through false impersonation. *Id.* at 456, 15 Cal. Rptr. at 70, 364 P. 2d at 246. In that case, plaintiff, a wholesale jeweler, received a call from a person who represented himself to be a retail jeweler known to the plaintiff. The caller requested that plaintiff provide him with several diamonds for selection by a customer and offered to send a messenger to pick up the diamonds. Shortly thereafter, a person arrived at plaintiff's place of business and identified himself as the retail jeweler's messenger and plaintiff gave him the diamonds. Plaintiff later learned that the retail jeweler had not called him nor sent the messenger and that the messenger was an imposter. The California court held that there could be no valid entrustment of the diamonds where possession of them was acquired by fraudulent means.

The Fifth Circuit Court of Appeals, however, in *David R. Balogh, Inc. v. Pennsylvania Millers Mutual Fire Insurance Company*, 307 F. 2d 894 (5th Cir. 1962), criticized the *Freedman* case on the grounds that, under its reasoning, the determination of coverage would depend on whether the person receiving the property conceived of the dishonest plan before or after he took possession. In *Balogh*, the Fifth Circuit held that an exclusionary clause virtually identical to that in *Freedman* prevented recovery where the plaintiff, also a jeweler, delivered an emerald to a prospective customer for the purpose of having the emerald examined by another jeweler. Instead, the prospective customer disappeared with the emerald. Under these circumstances, the Fifth Circuit determined that the emerald had been "entrusted" to the prospective customer who, unfortunately, turned out to be a thief.

In deciding the *Balogh* case, the Fifth Circuit relied on *Abrams v. Great American Ins. Co., New York*, 269 N.Y. 90, 199 N.E. 15 (1935). In that case, plaintiff delivered articles of jewelry to a known customer for the expressed purpose of her selling it to a third person. After receiving the jewelry, the customer absconded. The New York court held:

When the word "entrusted" appears in the contract the parties must be deemed to have entertained the idea of a surrender or delivery or transfer of possession *with confidence* that the property would be used for the purpose intended by the owner and as stated by the recipient. *The controlling element is the design of the owner rather than the motive of the one who obtained possession.*

*Id.* at 92, 199 N.E. at 16 (emphasis supplied). The court held that plaintiff had delivered the jewelry to his customer with a confidence that it would be used for the purpose expressed and that he had therefore "entrusted" the jewelry to her.

We do not disagree with the holdings in *Balogh* or *Abrams*, because under the facts of each of those cases there was clearly a voluntary transfer of the property to the intended recipient pursuant to a relationship of trust between the parties as to the use of the property, and therefore, an entrustment of the property. However, the facts of those cases are clearly distinguishable from those before the California court in *Freedman*, or before us in the present case, because there was no misrepresentation of the identity of the recipient which induced the transfer.

Nor do we adopt the rule of *Freedman*, that there can be no entrustment in any situation where possession of property is obtained by fraud or trick. In our view, *Freedman* fails to consider the intent of the owner in transferring possession. As was demonstrated in *Abrams* and *Balogh*, a fraud may be practiced by the very person to whom the owner intends to entrust his property for an expressed purpose. The intent of the policy exclusion is to exclude coverage for such misplaced confidence. We believe that a determinative factor as to the existence of an entrustment is whether the person in whom the owner intended to repose confidence by delivery of the property for an expressed purpose is the same person to whom the property was actually transferred. If the answer is "Yes," then the owner entrusted the property, even though the recipient may have gained the owner's confidence by fraud. On the other hand, if by fraudulent misrepresentation of identity, an owner is induced to transfer possession of the property to one other than the person to whom the owner intended to repose confidence, the transfer cannot be deemed to be an "entrustment."

In the present case, it is clear that plaintiff's intent and design was to deliver its backhoe to an employee of Constructors, Inc., with a certain confidence that the backhoe would be used by Constructors, Inc., under the terms of the rental relationship. It was never the intention of plaintiff to deliver the backhoe to, or to repose confidence in, "Lewis Jones." The transfer of possession from plaintiff to "Lewis Jones" was induced by the fraudulent misrepresentation of identity by "Lewis Jones" that he was acting on behalf of Constructors, Inc. in receiving possession of the backhoe. Under such circumstances, the transfer of possession cannot amount to an entrustment.

We are aware of the decision of the North Carolina Supreme Court in *Motor Co. v. Insurance Co.*, 233 N.C. 251, 63 S.E. 2d 538 (1951), where an automobile dealer permitted a prospective customer to drive a used car from its dealership upon the customer's representation that he was taking it for approval by his wife and would return to purchase it if she agreed. The representation was false; neither the customer nor the automobile were ever found. The dealer sought recovery from its insurer, who defended under a policy provision excluding coverage for "loss suffered by the Insured in case he voluntarily parts with . . . possession . . . whether or not induced to do so by any fraudulent scheme, trick, device, or false pretense or otherwise." *Id.* at 252, 63 S.E. 2d at 539. The Supreme Court held that the exclusionary clause was not ambiguous and that the exclusion barred recovery because the plaintiff had voluntarily parted with possession of its automobile.

We do not find the result reached in that case to be applicable to our decision in the present case because of the considerable difference in the language of the policy exclusions. Had defendant in the present case excluded from coverage losses caused by a voluntary parting with possession, whether or not induced by fraud, we would have no difficulty in finding that plaintiff's loss was excluded from coverage. However, defendant chose the language in its policy and chose to exclude only those losses occasioned by infidelity of one to whom the property was entrusted, rather than all losses occasioned by trick or fraud. In our view, the exclusion as written by defendant is susceptible of differing constructions, and we have construed it in favor of coverage. *See Trust Co. v. Insurance Co., supra.*

Having decided that the exclusionary clause of the policy does not bar recovery, and it having been stipulated that the value of the backhoe exceeded the coverage provided by the policy, we hold that plaintiff is entitled to judgment for the full amount of the coverage provided. Accordingly, we remand to the Superior Court of Wake County for entry of judgment consistent with this opinion.

Reversed.

Judges WEBB and PHILLIPS concur.