■ ELIZABETH G. KNUDSEN as Administratrix of the Estate of RICHARD KNUDSEN, Deceased, et al., Plaintiffs, v BLANCHE FIELD, Defendant and Third-Party Plaintiff-Respondent. AETNA CASUALTY AND SURETY Co., Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Order and judgment (one paper) Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about May 9, 1991, which, inter alia, granted summary judgment to defendant and third-party plaintiff, Blanche Field, and directed third-party defendant Aetna Casualty and Surety Co. (Aetna) to defend and indemnify her in the main action, is affirmed.

We are in agreement with the IAS Court that the terms and definitions of the insurance policy were sufficiently ambiguous to preclude Aetna from disclaiming coverage for 362 West 255th Street, Bronx, New York. This building was listed on the declaration page of the policy under the heading, "OTHER INSURED LOCATIONS". It is well established that ambiguous insurance policy provisions must be liberally construed in favor of the insured *(see, Miller v Continental Ins. Co.,* 40 NY2d 675, 678; *Facet Indus. v Wright,* 95 AD2d 262, 265, *revd* 62 NY2d 769).

Moreover, inasmuch as the word "NOT" was struck from the caption "NOT RENTED TO OTHERS", under which the subject premises were listed as an additional insured residence, Aetna was on notice of its rental status, and, having accepted the application, is estopped from denying coverage on that ground. Concur—Carro, Kassal and Smith, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I would reverse and grant summary judgment to Aetna to the extent of declaring that Aetna is not obligated to indemnify or defend defendant and third-party plaintiff Blanche Field in

the primary action. As to personal liability (Coverage E), the coverage provision at issue here, the policy provides that Aetna will provide a defense and pay up to its limit of liability for the damages for which the insured is legally liable. Under "SECTION II—EXCLUSIONS," however, the policy further provides:

"Coverage E—Personal Liability * * * do[es] not apply to bodily injury or property damage * * *

"b. arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured."

Although the structure located at 362 West 255th Street was an "OTHER INSURED LOCATION" and thus covered under other provisions of Aetna's Homeowners Policy, e.g., "all risks of physical loss", the claims asserted on the Knudsens' behalf clearly fall within the policy's personal liability exclusion since Mrs. Field rented it to them. Subpart d of the personal liability exclusions provides an additional exclusion for personal liability "arising out of any premises owned [by] or rented to any insured which is not an insured location"; it does not, as Mrs. Field contends, exempt rental premises classified as an "insured location" from the rental premises exclusion.