■ JAMES REDA et al., Appellants, v EASTMAN KODAK COMPANY et al., Respondents. (Appeal No. 1.) [649 NYS2d 899] —Appeal unanimously dismissed without costs (see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 977). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Breach of Contract.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.

■ JAMES REDA et al., Appellants, v EASTMAN KODAK COMPANY et al., Respondents. (Appeal No. 2.) [649 NYS2d 555] —Amended judgment unanimously affirmed without costs. Memorandum: Plaintiffs are former managers of a venture known as Videk. They commenced this action for defendants' alleged breach of an agreement, the "Long Term Incentive Plan" (LTIP), established by defendant Eastman Kodak Company (Kodak) to encourage the efforts of key managers of Videk and other ventures set up as unincorporated divisions of defendant Eastman Technology, Inc. (ETI), a subsidiary of Kodak. Plaintiffs seek payment under paragraph 9.02 of the LTIP, known as the merger clause. They contend that a payout under the merger clause was triggered when Videk was removed from ETI and merged into Kodak's main organizational structure. Defendants contend that plaintiffs are not entitled to a payout under the merger clause because Videk was not merged into Kodak and, in any event, was not financially successful, a condition of any payout under the LTIP.

Plaintiffs appeal from an amended judgment, entered following a bench trial, dismissing the complaint. Plaintiffs contend that the conditions for a payout were satisfied and that, in any event, defendants should be estopped from denying the occurrence of those triggering events.

A threshold issue is whether the LTIP conditioned a payout under paragraph 9.02 upon Videk's achieving financial success. We conclude that the LTIP imposed a success standard. In contending otherwise, plaintiffs read paragraph 9.02 too narrowly and in isolation from the remainder of the agreement. When interpreting a written contract, the court should give effect to the intent of the parties as revealed by the language and structure of the contract (see, Breed v Insurance Co., 46 NY2d 351, 355, rearg denied 46 NY2d 940), and should ascertain such intent by examining the document as a whole (see, Williams Press v State of New York, 37 NY2d 434, 440).

Effect and meaning must be given to every term of the contract (*see, County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628), and reasonable effort must be made to harmonize all of its terms (*see, Facet Indus. v Wright*, 95 AD2d 262, 265, *revd on other grounds* 62 NY2d 769; *Cantanucci v Reliance Ins. Co.*, 43 AD2d 622, 623, *affd* 35 NY2d 890). Moreover, the contract must be interpreted so as to give effect to, not nullify, its general or primary purpose (*see, Williams Press v State of New York, supra*, at 440; *Murray Oil Prods. v Royal Exch. Assur. Co.*, 21 NY2d 440, 445, *mot to amend remittitur granted* 22 NY2d 722).

Here, the primary purpose of the contract, as expressed in article 1, was to allow the ventures' managers to take a financial risk "and, if their business is successful, to be rewarded for that risk." Similarly, the other clauses of the LTIP make clear that Videk had to meet objective criteria of financial success as a condition for the payment of any bonuses. In our view, it would distort the primary purpose of the LTIP to adopt plaintiffs' position that the condition of financial success was not part of paragraph 9.02. The record establishes that Videk was not, by any measure, a financial success; in fact, it sustained cumulative losses of $27-29 million. Thus, plaintiffs are not entitled to a payout.

In any event, plaintiffs failed to establish that Videk was removed from ETI and merged into Kodak, the triggering event for a payout under paragraph 9.02. Aside from certain memoranda relied upon by plaintiffs, the record is barren of any objective indications that Videk was removed from ETI and merged into Kodak in 1989. Significantly, plaintiffs did not claim a merger in 1989, when it allegedly took place, but waited until after Videk was sold in 1992. At all times Videk retained its separate identity as a division of ETI. Its managers and workers continued to be employees of ETI. Its management continued to report to the management of ETI. Its annual operating plan and budget requests continued to be reviewed by the management of ETI. It continued to have its financial performance monitored independently so that a determination could be made whether to continue funding Videk or to bring an end to its performance cycle. Ultimately, ETI decided to sell Videk as an independent entity and ongoing business and, when that proved impossible, determined to liquidate Videk and sell its assets. Those circumstances establish that Videk was not removed from ETI and merged into Kodak.

Finally, we conclude that defendants did not breach their implied contractual obligation of good faith and fair dealing

(*see generally, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304; *Grad v Roberts*, 14 NY2d 70, 75) and thus are not estopped from denying that a merger took place. A court should not construe a contract as implying an obligation that would be inconsistent with other terms of the contract (*see, Murphy v American Home Prods. Corp., supra*, at 304-305). The contract gave defendants complete discretion to determine whether to continue funding a venture or to declare an end to its performance cycle. In the latter event, defendants had complete discretion whether to incorporate the venture as a subsidiary of Kodak, merge it into Kodak's main line businesses, sell it as an ongoing business, or liquidate it and sell its assets. Defendants did not act in bad faith by exercising those rights. (Appeal from Amended Judgment of Supreme Court, Monroe County, Ark, J.—Breach of Contract.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.