Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 25, 2011, which denied Renaissance Art Investors, LLC’s (RAI) motion to dismiss AXA Art Insurance Corporation’s declaratory judgment action and granted AXA’s cross motion for summary judgment, declaring that AXA is not obligated to indemnify RAI with respect to its claimed losses; and order (same court and Justice), entered September 7, 2011, which, citing the declaratory judgment order, dismissed RAI’s plenary action in its entirety, unanimously affirmed, without costs.
The policies purchased by RAI, which covered “losses” as that term is defined in the policies, contained an unambiguous exclusion, precluding coverage in the event of “[a]ny fraudulent, dishonest or criminal act or acts by: (a) You, anyone else with an interest in the property or your or their employees *605 whether or not committed alone or in collusion with others, whether or not such act or acts be committed during the hours of employment; or (b) Anyone entrusted with the Covered Property.” We reject the assertion that the exclusion does not apply because RAI believed it was purchasing “all risk” coverage and that the term “all risk” implies comprehensive coverage— including fraud. “[A]s a matter of law[,] insurance coverage, even under an all risk policy, extends only to fortuitous losses” and “[wjhether or not a loss is fortuitous ... is a legal question to be resolved by the Court” (Redna Mar. Corp. v Poland, 46 FRD 81, 86, 87 [SD NY 1969]). Here, the motion court correctly determined that the fraud engaged in by Lawrence Salander, one of RAI’s principals, and the Gallery, one of RAI’s members, created by Salander for the purpose of holding objects of art purchased by RAI, was not fortuitous.
We also reject RAI’s assertions that the exclusion clause did not apply to Salander or the Gallery entrusted to hold the objects, simply because Salander turned out to be a thief (see Abrams v Great Am. Ins. Co., 269 NY 90, 92 [1935]). Because the policies excluded coverage for fraudulent acts of the very nature which occurred here, summary judgment was properly awarded to AXA since it is not obligated to indemnify RAI for the loss of its art.
RAI’s claims in its plenary action were properly dismissed since the breach of contract claim was determined in the declaratory judgment action; the breach of good faith and fair dealing claim is duplicative of the breach of contract claim; and the remaining claims, for negligent misrepresentation and violations of New York and Nevada trade practices statutes, were not adequately pleaded.
We have considered the parties’ remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ. [Prior Case History: 32 Misc 3d 1223(A), 2011 NY Slip Op 51397(U).]