

I N  T H E

# Court of Appeals of Indiana

Doug Williams and W.W. Contracting, Inc.,

*Appellants-Petitioners*

v.

Pekin Insurance, Inc.,

*Appellee-Respondent*



FILED

Mar 04 2024, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

March 4, 2024

Court of Appeals Case No.
23A-PL-995

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-2107-PL-77

**Opinion by Judge Weissmann**
Chief Judge Altice and Judge Kenworthy concur.

**Weissmann, Judge.**

[1] W.W. Contracting, Inc. and its owner, Doug Williams (collectively, W.W.), entrusted tools to a W.W. employee but demanded their return at the end of his employment. When the now-former employee allegedly failed to return all the tools, W.W. reported them as stolen and sought insurance coverage for the alleged theft. W.W.'s insurance company denied the claim primarily because W.W.'s insurance policy excluded coverage for property loss "*caused by or resulting from dishonest acts by anyone entrusted with the property.*"

[2] W.W. sued its insurance company for breach of contract, but the trial court granted summary judgment in the insurer's favor. On appeal, W.W. claims there remains a genuine issue of material fact as to whether a dishonest act occurred because the insurer was unable to determine if W.W.'s former employee actually stole its tools. Assuming a dishonest act occurred, W.W. also claims its former employee was no longer a person entrusted with the tools after W.W. demanded their return. We resolve these issues as follows:

1. The insurance company was not required to prove the occurrence of a dishonest act when moving for summary judgment based on the subject exclusion because W.W. alleged a dishonest act as its basis for coverage.

2. The exclusion requires only a causal connection between the act of entrustment and the resulting loss; thus W.W.'s demand that its former employee return its tools did not render the exclusion inapplicable.

Affirmed.

## Facts

[3] W.W. employed Dante Wells from December 2017 to January 2019. During this time, Wells allowed W.W. to store its company tools on a piece of real estate Wells owned in Tippecanoe County. In exchange, W.W. allowed Wells to use the tools for "side work" in his own name. App. Vol. II, p. 88.

[4] In March 2019, after Wells stopped working for W.W., the company demanded that Wells return the tools stored on his property. When Wells refused, W.W. reported the tools as "stolen" to the Tippecanoe County Sheriff's Department and sued Wells for replevin. *Id.* at 120. Wells eventually returned what he claimed were all of W.W.'s tools. But upon inventorying the returned items, W.W. determined that "a lot of tools" were missing. *Id.* at 92. W.W. therefore submitted an insurance claim to its insurance company, alleging Wells stole the missing tools.

[5] At all relevant times, W.W. Contracting, Inc. was the named insured on a commercial general liability insurance policy (the Policy) issued by Pekin Insurance (the Insurer). Among other things, the Policy provided coverage for "accidental loss" to W.W.'s tools. *Id.* at 236. The Policy, however, also contained the following exclusions:

> **Dishonest Act/Entrusted Person**
>
> "We will not pay for a 'loss' caused by or resulting from dishonest acts by anyone entrusted with the property."

**Unexplained Disappearance**

> "We will not pay for a 'loss' caused by or resulting from unexplained disappearance."

*Id.* at 235 (cleaned up).

[6] The Insurer investigated W.W.'s insurance claim, in part, by interviewing Williams and Wells about the loss. Wells denied having W.W.'s missing tools, but Williams insisted that Wells never returned them. Williams therefore assumed the tools were still in Wells's possession, but he did not "know that for a fact." App. Vol. III, p. 233. If Wells no longer had the tools, Williams had "no idea what happened to them." *Id.*

[7] Through its investigation, the Insurer was not able to determine if Wells actually stole W.W.'s tools. But either way, the Insurer concluded W.W.'s loss was excluded from the Policy's insurance coverage: either the dishonest act/entrusted person exclusion applied or the unexplained disappearance exclusion applied. The Insurer therefore denied W.W.'s insurance claim on these two alternative bases.

[8] After receiving the denial, W.W. sued the Insurer for breach of contract claiming Wells's alleged theft of the tools was an accidental loss for which the Policy provided coverage. The Insurer moved for summary judgment on W.W.'s claim based on the Policy's dishonest act/entrusted person exclusion

and, alternatively, the unexplained disappearance exclusion. The trial court granted the Insurer's motion, and W.W. appeals.[1]

## Discussion and Decision

"When reviewing a summary judgment ruling, we use the same standard as the trial court." *State Auto. Mut. Ins. Co. v. Flexdar, Inc.*, 964 N.E.2d 845, 848 (Ind. 2012). "The court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party." *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1289 (Ind. 2006) (internal quotation omitted). Summary judgment is appropriate only if "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

W.W. argues that summary judgment based on the dishonest act/entrusted person exclusion was inappropriate because there is a genuine issue of material fact as to whether a dishonest act occurred. Alternatively, W.W. contends the dishonest act was not committed by an entrusted person as a matter of law. We conclude W.W.'s allegation that Wells stole its tools established the occurrence of a dishonest act for purposes of the Insurer's motion for summary judgment. We also conclude that Wells was a person entrusted with W.W.'s tools as matter of law. Because the record reveals no genuine issue of material fact and

---

[1] W.W.'s complaint asserted two claims: breach of contract and tortious bad faith. The Insurer moved for summary judgment on both, and the trial court's order granting the Insurer's motion specifically entered judgment in the Insurer's favor on "all claims." App. II, Vol. p. 14. On appeal, W.W. indicates that its tortious bad faith claim remains pending in the trial court. The record, however, shows otherwise.

that the Insurer was entitled to judgment as a matter of law, summary judgment was appropriate.[2]

## I. W.W.'s Theft Allegation Established the Dishonest Act

[11]     As W.W. correctly points out, insurance coverage exclusions are generally considered to be affirmative defenses upon which the insurer bears the burden of proof. *PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705, 725 (Ind. Ct. App. 2004). The insured, however, retains the burden of establishing that their loss falls within the policy's coverage. *Scottsdale Ins. Co. v. Harsco Corp.*, 199 N.E.3d 1210, 1219 (Ind. Ct. App. 2022). In this regard, a coverage exclusion effectively admits the insured's coverage allegations but asserts some additional matter barring relief. *See Willis v. Westerfield*, 839 N.E.2d 1179, 1185 (Ind. 2006).

[12]     Here, W.W. claimed its loss was covered by the Policy because it was caused by Wells's alleged theft. *See* Appellants' Reply Br., p. 5 (emphasizing that W.W. "never wavered" from its position that Wells stole its tools). The Insurer, in turn, claimed the Policy's dishonest act/entrusted person exclusion barred coverage for W.W.'s loss. In raising this affirmative defense, the Insurer essentially accepted as true W.W.'s allegation of Wells's undisputedly dishonest act. Thus, to prove the dishonest act/entrusted person exclusion barred

---

[2] W.W. also argues that summary judgment based on the unexplained disappearance exclusion was inappropriate because there is a genuine issue of material fact as to whether the tools' disappearance was unexplained. As we find the trial court appropriately entered summary judgment based on the dishonest act/entrusted person exclusion, we need not consider this alternative argument.

coverage of W.W.'s loss, the Insurer was only required to establish that Wells was a person entrusted with W.W.'s tools.[3]

## II. Wells Was a Person Entrusted with W.W.'s Tools

[13]   To "entrust" means "to commit to another with confidence." *Entrust*, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/entrustment (last visited Feb. 20, 2024). W.W. does not dispute that it entrusted Wells with its tools by storing them on Wells's property during his employment with the company. Instead, W.W. argues that its entrustment ended when W.W. demanded Wells return the tools after his employment with the company ended. Thus, W.W. seems to argue that the dishonest act/entrusted person exclusion applies only if the dishonest act occurs while the insured still has confidence in the entrusted person.

[14]   We reject such a narrow construction. In the absence of any ambiguity, the language of the Policy's dishonest act/entrusted person exclusion "must be given its ordinary meaning." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997). Nothing in the language of the exclusion requires that the dishonest act be contemporaneous with the insured's confidence in the entrusted person. The exclusion applies broadly to loss "caused by or resulting from" an entrusted person's dishonest act. App. Vol. II, p. 235. As other

---

[3] This case presents the seemingly unique circumstance in which the insured's cause of action and the insurer's affirmative defense effectively have an element in common. Had W.W. claimed its loss was caused by something other than a dishonest act, the Insurer would have had the burden of proving both the dishonest act and entrusted person elements of its affirmative defense.

jurisdictions have done, we construe this language to require nothing more than a "causal connection" between the act of entrustment and the resulting loss. *2900 Rock Quarry, LLC v. Westfield Ins. Co.*, No. 5:16-CV-100-BO, 2017 WL 2616961, at *6 (E.D.N.C. June 15, 2017) (collecting cases).

[15] The intent of the dishonest act/entrusted person exclusion is to bar coverage for the insured's "misplaced confidence" in another. *Van Sumner, Inc. v. Penn. Nat. Mut. Cas. Ins. Co.,* 329 S.E.2d 701, 704 (N.C. Ct. App. 1985). By entrusting its tools to Wells, W.W. placed its confidence in Wells not to steal the tools. This misplaced confidence resulted in W.W.'s loss. The fact that W.W. no longer had confidence in Wells at the time of his alleged theft is irrelevant under the terms of the Policy.

[16] We affirm the trial court's entry of summary judgment in favor of the Insurer on W.W.'s breach of contract claim.

Altice, C.J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Steven Kyle Dietrich
Reiling Teder & Schrier, LLC
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Scott S. Mandarich
McClure McClure & Davis
Indianapolis, Indiana