A90A0181. MACON-BIBB COUNTY HOSPITAL AUTHORITY v. CONTINENTAL INSURANCE COMPANY.
(396 SE2d 50)

BEASLEY, Judge.

Macon-Bibb County Hospital Authority (Medical Center) appeals from the grant of summary judgment to Continental Insurance

Company in Continental's declaratory judgment action on insurance coverage.

Several days after Cassandra Jenkins' birth, she was moved to Medical Center for a transfusion because she suffered from high levels of bilirubin. An ambulance, covered by the Continental policy, was requested from Medical Center. The ambulance broke down before reaching Cassandra, and her transport was delayed for several hours awaiting another ambulance.

A suit on behalf of the infant was filed in Coffee County against Medical Center, Coffee General Hospital, Lifemark Hospital, Inc., and three doctors. It alleged generally that "[a]t all times material hereto, the Defendants, and each of them [including Medical Center] negligently failed to exercise reasonable care and skill commensurate with the standard of care practiced in the community at that time and under similar circumstances," and included a physician's affidavit pursuant to OCGA § 9-11-9.1.

Continental then sought a declaration in Bibb County that the event was not an insured event under its policy and, alternatively, that several exclusionary clauses applied.

Thereafter, Jenkins voluntarily dismissed her Coffee County complaint and a week later refiled a more detailed complaint in Fulton County. It alleged, with regard to Medical Center, that the ambulance was dispatched to Coffee County at 8:39 p.m but became disabled, "causing a delay of two hours while another ambulance was dispatched to replace the broken down ambulance. The Medical Center . . . failed to have another ambulance available to replace the first ambulance and failed to call Coffee County General Hospital for that hospital to initiate emergency transfer procedures . . . ," and that Medical Center's negligent failure to maintain the fleet of ambulances and to maintain a backup ambulance was a proximate cause of the seizure.

Relevant portions of the Continental comprehensive business policy are: "[W]e will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance, or use of a covered auto . . . [Continental has] no duty to defend suits for bodily injury . . . not covered by this endorsement."

Two endorsements preclude coverage due to "rendering or failure to render any medical, surgical, dental, x-ray or nursing service or treatment."

The court granted Continental's motion for summary judgment, concluding that no claim was asserted which was covered and no clause of the policy could be construed to provide coverage.

1. The first two enumerations allege error in this grant and in the

denial of Medical Center's similar motion on the coverage issue.

The legal issue, distilled to its essence and viewing the evidence in favor of respondent Medical Center, is whether ordinary negligence in maintaining a vehicle which then breaks down, delaying transport and treatment of a patient waiting for the insured ambulance, but never transported in it, is covered by the policy.

First, we agree with appellant that the medical malpractice and professional services exclusions do not apply to this case. We move then to the automobile provision. In both instances, they are clear and plain in the context of this lawsuit.

"The words used in policies of insurance, as in all other contracts, bear their usual and common significance [OCGA § 13-2-2], and policies of insurance are, as all other contracts, to be construed in their ordinary meaning. 'In construing contracts, "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." [OCGA § 13-2-3]. "The contract of insurance should be construed so as to carry out the true intention of the parties." [OCGA § 33-24-16] . . . "where it is susceptible of two constructions, that construction will be adopted that is most favorable to the insured . . . [the parties'] rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." [Cits.]' [Cit.]" *Pilot Life Ins. Co. v. Morgan*, 94 Ga. App. 394, 398 (94 SE2d 765) (1956). See also *Fidelity &c. Co. of Md. v. Sun Life Ins. Co.*, 174 Ga. App. 258, 260 (1) (329 SE2d 517) (1985).

There is no Georgia authority on the issue of delay of an ambulance, but *Employers' Commercial Union Ins. Co. v. Danches*, 311 S2d 758, 759 (1 & 2) (Fla. Dist. Ct. of App. 1975) is persuasive: "The policy require[s] two conditions: accident and use. We hold that mere delay by a driver of a motor vehicle will not occasion liability under a policy which also requires an accident to have occurred prior to liability attaching." Danches' decedent, the patient injured, was in the insured ambulance during the delay. The present case is one step removed.

To otherwise construe the policy would lead to a bizarre result: a patient who is mistreated in an insured ambulance while being transported would be denied coverage due to the professional malpractice exclusion, see *Newman v. St. Paul Fire &c. Ins. Co.*, 456 S2d 40, 41 (1) (Ala. Sup. Ct. 1984), but a patient who never entered the ambu-

lance and whose treatment was delayed, with consequent damages, would be covered. Put another way, *non*-use or lack of availability for use would be covered, when complainant alleges, as she must, that the injuries and damages arose out of the use and operation of the vehicle.

The trial court did not err in concluding that this policy did not cover the alleged negligence.

2. Medical Center also contends that Continental breached its duty to defend, even given an ultimate legal ruling of non-coverage. It says that the "true facts," despite its allegations of medical malpractice in the Coffee County complaint, would provide coverage.

Although depositions are referred to by Medical Center as supporting its contentions, none is contained in the record below or before this court. Thus these allegations may not be considered insofar as the depositions might be concerned. *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (2) (384 SE2d 276) (1989).

Nevertheless, "[t]he duty of an insurer to defend its insured is determined by the contract of insurance. *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39). . . . To determine whether a claim (even a groundless claim) is covered by the policy, we must look to the allegations of the complaint. [Id.]" *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 610 (373 SE2d 671) (1988).

Having done so in both lawsuits, we hold that Continental appropriately declined to defend Medical Center.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Joseph W. Popper, Jr., Sell & Melton, Richard B. Miller, Kenneth B. Banks*, for appellant.

*Jones, Cork & Miller, Wallace Miller III, Daniel Bullard IV*, for appellee.