*479 OPINION OF THE COURT
Joseph D. Mintz, J.
Third-party defendant is the insurer of third-party plaintiff under a policy of automobile insurance covering third-party plaintiffs ambulances. Third-party defendant moves for summary judgment dismissing the third-party action and declaring that it has no duty to defend or indemnify third-party plaintiff in the main action. Third-party plaintiff cross-moves for summary judgment declaring that third-party defendant has a duty to defend third-party plaintiff in the main action.
The facts as alleged in the complaint are as follows: The decedent’s family called 911 to provide assistance to decedent, who was having trouble breathing. The City fire department arrived within a few minutes to provide paramedical assistance. Approximately five minutes later, an ambulance from defendant Memorial Ambulance Service, Inc. (hereinafter Memorial) arrived. Ambulance attendants provided assistance and placed decedent into the ambulance. Approximately 20 minutes after Memorial’s arrival, an attendant attempted to start the ambulance to transport decedent to the hospital. The ambulance would not start. Another ambulance was dispatched and arrived within two minutes. Decedent was removed from the first ambulance and placed in the second ambulance. Decedent died approximately 20 minutes later, shortly after his arrival at the hospital of acute myocardial infarction.
While plaintiffs allegations in the main action include acts of negligence by the City and Memorial in the performance of paramedical services, which are not covered by the policy in question, plaintiffs allegations also include improper maintenance of the ambulance which was originally dispatched to decedent’s home. It is these allegations, Memorial claims, which form the basis of the third-party defendant’s obligation to defend Memorial in the main action. Third-party defendant concedes that it has a duty to defend if the allegations entail "bodily injury * * * caused by an accident and resulting from the ownership, maintenance or use of a covered auto.” Third-party defendant claims, however, that the injuries alleged in the main action were not caused by "an accident.”
The policy in question defines accident as "continuous or repeated exposure to the same conditions resulting in bodily injury or property damage the insured neither expected nor intended.” Third-party defendant claims that no "accident” *480 underlies the main action. Both parties agree that whether or not the facts of the main action constitute an "accident” within the meaning of this or any other standard automobile policy has not been addressed previously by the courts of this State.
The underlying issue has been addressed in other States. In the reported cases, the courts have examined not only whether or not an accident occurred, but also whether the accident arose out of the use, ownership or maintenance of an automobile. In Employers’ Commercial Union Ins. Co. v Danches (311 So 2d 758 [Fla Dist Ct App 1975]), the court determined that mere delay did not constitute an accident. Unfortunately, the facts of that case are not clear, and there is no indication as to the nature of the delay. However, the court did note that under the policy, two requirements must be met: accident and use, ownership or maintenance; the court found that the plaintiff had proven the requirement of use, ownership or maintenance.
In Macon-Bibb County Hosp. Auth. v Continental Ins. Co. (196 Ga App 399, 396 SE2d 50 [1990]), the court, citing Danches (supra), determined that delay due to the breakdown of an ambulance prior to its arrival to transport the injured person did not constitute an accident within the meaning of the policy. The policy in question, in that case, contained an exclusion for medical and professional malpractice. While, the court noted, the exclusion did not apply, the court reasoned that it would be inconsistent to allow coverage for delay for a patient who never entered the ambulance, but deny coverage under the exclusion for a patient who was mistreated in the ambulance. The court failed to consider, however, that medical malfeasance in the ambulance would not arise out of use, ownership or maintenance of the ambulance, regardless of the exclusion, and that the court’s determination resulted in the apparent inconsistency between the lack of coverage for injuries occasioned by a breakdown and coverage for injuries occasioned by a collision.
The court in Oakridge Community Ambulance Serv. v United States Fid. & Guar. Co. (278 Ore 21, 563 P2d 164 [1977]) did consider several possible occurrences and whether or not coverage would be extended under the insurer’s reading of the policy: "If, after [decedent] had been picked up and was on the way to the hospital, the ambulance broke down or was involved in an accident due to insured’s negligence and [decedent] died as a result of the delay, we certainly would have no *481 difficulty in saying that there was sufficient causal connection * * * [W]e are unable to distinguish the situation in which the ambulance breaks down or has an accident on its way to pick up [decedent], from the situation in which a similar mishap occurs after he is in the ambulance.” (Supra, 278 Ore, at 27-28.) The court in Oakridge focused on the use, ownership or maintenance language of the policy, though there was an additional requirement of "occurrence,” defined by the policy in a manner identical to the definition of "accident” in the policy considered here. Apparently, either the insurer in that case did not raise the issue of accident or occurrence, or the court did not consider it a viable issue. However, even considering the requirement of "accident” or "occurrence,” the distinction between delays occasioned by collisions while the person is being transported and delays occasioned by some other factor related to the use, ownership or maintenance of the automobile seem inappropriate to determine coverage.
Determining whether an "accident” as defined under the policy has occurred requires determination of what an "accident” is not. Accident is not the equivalent of "collision,” although that seems to be the definition that third-party defendant urges. An accident is "an undesigned and unforeseen occurrence of an unfortunate character resulting in bodily injury to another. It is a more comprehensive term than the simple term 'negligence5, although negligence is, of course, included therein, and refers to an unexpected happening rather than one occurring through intention or design.” (6B Appleman, Insurance Law and Practice § 4312, at 321 [Buckley ed 1979].) The use of the language "accident” within the policy is meant to deny coverage to acts which are intentional. The provision requiring accident has been used to distinguish intentional acts and unintended consequences of intentional acts. (Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, 352 [2d Dept 1974].) There is no indication that the intention of the language is to require a collision with another automobile or a fixed object. If there were, the insurance policy would have used such language instead of "accident.” Since the language of the policy was drafted by the third-party defendant, it must be read in a light most favorable to the third-party plaintiff. This would not permit a reading of "accident” to be the equivalent of "collision,” but, instead, to use the requirement of "accident55 to distinguish it from an intentional occurrence.
Based on this broader concept of accident, while applying *482 the policy language, the delay of the ambulance, which we can assume for purposes of this motion was due to the negligent maintenance of the ambulance by Memorial, was an accident under the policy, as the delay in the transport of the decedent by ambulance was "continuous exposure to conditions resulting in bodily injury.” It was not expected or foreseen, although it was foreseeable; if it were not foreseeable, it would not constitute negligence.
The reliance by the Florida and Georgia courts on the requirement of an "accident” resembling a collision is overdrawn. The approach by the Oregon court in looking at the over-all intent of the parties in a policy of insurance, and the appropriate expectations of coverage in circumstances which are only distinguishable by the lack of a collision, is more logical and rational, and is adopted here.
For the foregoing reasons, third-party defendant’s motion is denied, and third-party plaintiffs motion is granted. This court hereby declares that the policy affords coverage for injuries to decedent which are due to the negligent maintenance of the ambulance, which negligence is alleged in the plaintiffs complaint in the main action, and consequently, third-party defendant is required to defend third-party plaintiff in the main action.