[615 NYS2d 545]

ROBERT P. MICHAELS, as Administrator of the Estate of JOHN MICHAELS, Deceased, Plaintiff, v CITY OF BUFFALO et al., Defendants.

MEMORIAL AMBULANCE SERVICE, INC., Third-Party Plaintiff-Respondent, v LUMBERMEN'S MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant.

Fourth Department, July 15, 1994

APPEARANCES OF COUNSEL

*Hurwitz & Fine, P. C.,* Buffalo *(Paula M. Eade Newcomb* and *Dan D. Kohane* of counsel), for appellant.

*Volgenau & Bosse,* Buffalo *(Diane F. Bosse* of counsel), for third-party plaintiff-respondent.

*Macgavern & Macgavern,* Buffalo, for plaintiff.

OPINION OF THE COURT

LAWTON, J.

On January 12, 1986, plaintiff's decedent, John Michaels, had difficulty breathing, and his daughter-in-law called for assistance. In response, an ambulance operated by Memorial Ambulance Service, Inc. (Memorial) arrived and the attendants administered oxygen to Michaels. The attendants then placed him into the ambulance, but it could not be restarted and a radio call was placed for another ambulance that arrived shortly thereafter. Michaels was then transported by the second ambulance to Millard Fillmore Hospital, where he died approximately 20 minutes later.

An action was brought by decedent's estate against Memorial alleging that the failure of the first ambulance to start was due to the negligent maintenance of the vehicle, and that the delay caused or contributed to decedent's death. Lumbermen's Mutual Casualty Company (Lumbermen's), Memorial's automobile insurer, disclaimed coverage on the ground that the loss did not arise out of an "accident". Memorial then impleaded Lumbermen's, alleging that the automobile policy required it to defend and indemnify Memorial. Lumbermen's brought a motion for summary judgment seeking a declaration that it did not have a duty to defend or indemnify Memorial, alleging that the delay did not constitute an "accident" within the meaning of the policy. Memorial cross-moved for summary judgment declaring Lumbermen's duty to defend and indemnify it. Supreme Court granted Memorial's cross motion and declared that the policy affords coverage for injuries that are caused by the negligent maintenance of the ambulance and that Lumbermen's is required to defend Memorial in the action against it.

The automobile insurance policy issued by Lumbermen's to Memorial provided coverage for bodily injury or property damage caused by an "accident" arising from the use, ownership or maintenance of a covered vehicle. Reduced to its essence, plaintiff's claim is that the delay in taking Michaels to the hospital, which arose from Memorial's negligent maintenance of the ambulance, was an "accident" within the meaning of the policy. We disagree.

The term "accident" means an unexpected, unusual or unforeseen event and must be construed " 'in accordance with its understanding by the average man * * * who, of course, relates it to the factual context in which it is used' " *(Ford Nursing Home Co. v Fireman's Ins. Co.,* 86 AD2d 736, 737, *affd* 57 NY2d 656, quoting *Miller v Continental Ins. Co.,* 40 NY2d 675, 676). Although we agree with the dissent that the breakdown of an ambulance while in service constitutes a "use" of the vehicle *(see, Oakridge Community Ambulance Serv. v United States Fid. & Guar. Co.* (278 Ore 21, 563 P2d 164), we disagree with the dissent that the resulting delay constitutes an "accident" within the meaning of the policy. Indeed, delays resulting from a vehicle's mechanical failure are not unexpected, but, rather to the average motorist are the natural course of events.

Moreover, there are many ways besides mechanical failure that a delay in an ambulance transporting a patient to a hospital may arise, e.g., driving too slowly, taking the wrong route, and failing to monitor traffic reports to avoid unfavorable traffic conditions, to name only a few. No one would argue, however, that the resulting delays constitute an "accident" to bring the resulting bodily injuries or property damage within coverage.

Similarly, in *Employers' Commercial Union Ins. Co. v Danches* (311 So 2d 758, 759, *cert denied* 327 So 2d 32 [Fla]), the court held that "mere delay by a driver of a motor vehicle will not occasion liability under a policy which also requires an accident to have occurred prior to liability attaching". That the delay here was caused by an unintentional mechanical failure does not change that conclusion *(see, Macon-Bibb County Hosp. Auth. v Continental Ins. Co.,* 196 Ga App 399, 396 SE2d 50). The dissent does not cite any authority to the contrary.

The dissent seems to conclude that, because the vehicle was an ambulance, rather than a car, its automobile liability

policy, even though identically worded to that of a car policy, should be interpreted differently. That the vehicle was an ambulance may play a role in determining issues of general tort liability or contractual liability, but that fact is irrelevant insofar as determining whether an unintentional delay is an accident within the meaning of the terms used in an automobile policy.

Accordingly, the order of Supreme Court should be reversed, the cross motion denied, the motion granted, and judgment granted in favor of Lumbermen's declaring that it does not have a duty to defend or indemnify Memorial in the action brought by plaintiff.

FALLON, J. (dissenting). We respectfully dissent. The issue in this case is restricted to the delay occasioned by a mechanically defective ambulance and is one of first impression in the courts of this State. The issue has been addressed, however, by courts in other States. In *Macon-Bibb County Hosp. Auth. v Continental Ins. Co.* (196 Ga App 399, 396 SE2d 50), a Georgia appellate court held that delay did not constitute an accident within the contemplation of the policy, in part because the plaintiff was not actually in the ambulance when the mechanical failure occurred. Furthermore, the court noted that the policy expressly excluded mistreatment during transportation by ambulance personnel. The court found that it would be unreasonable to deny coverage for a negligence cause of action after a plaintiff had entered the ambulance, while a plaintiff who had not yet entered would have coverage *(Macon-Bibb County Hosp. Auth. v Continental Ins. Co., supra,* 196 Ga App, at 401, 396 SE2d, at 52). The court in *Macon-Bibb* failed to acknowledge, however, that a cause of action for negligent treatment would not fall under the "ownership, maintenance or use" clause that also must be satisfied to trigger coverage under the automobile policy. Consequently, whether Memorial Ambulance Service, Inc. (Memorial) is entitled to coverage for a claim of negligent treatment is irrelevant to whether it has coverage for a claim resulting from delay due to mechanical failure.

In a case factually similar to this one, the Oregon Supreme Court determined, en banc, that delay occasioned by mechanical failure constituted negligence arising out of the "maintenance or use" of the ambulance, and held that the insurer had a duty to defend the ambulance service *(Oakridge Community Ambulance Serv. v United States Fid. & Guar. Co.,* 278 Ore 21,

563 P2d 164). Although the court in *Oakridge* did not address the question whether a delay may constitute an "accident" or "occurrence" as defined in the policy, it seems abundantly clear that, under the terms of the instant policy, a mechanical breakdown of an ambulance constituted an "accident". Policies of insurance are construed liberally in favor of the insured and strictly against the insurer and "must be considered in light of existing law and, in the absence of ambiguity, words are to be given their ordinary meaning" *(State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 591). Furthermore, " 'it is customary to look at the casualty from the point of view of the insured, to see whether or not, from his point of view, it was unexpected, unusual and unforeseen [citations omitted]' " *(Miller v Continental Ins. Co.,* 40 NY2d 675, 677). An ambulance, by necessity, must have a greater degree of reliability than an ordinary passenger vehicle. It can hardly be gainsaid that a mechanically unreliable ambulance may result in injuries to the ambulance company's patrons, and that the failure of such a vehicle to function properly would constitute an " 'unexpected, unusual and unforeseen' " occurrence *(Miller v Continental Ins. Co., supra,* at 677).

Supreme Court properly ruled that the accident arose out of the "ownership, maintenance or use" of the ambulance. In determining whether an accident arises from the ownership, maintenance or use of an automobile, the allegations in plaintiff's complaint must satisfy a three-part test, to wit: (1) the accident must arise from the inherent nature of the automobile; (2) the accident must arise within the natural territorial limits of the automobile; and (3) the automobile must not merely contribute to the cause of the injury, but must, itself, produce the injury *(see, U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.,* 181 AD2d 768; *see also,* 6B Appleman, Insurance Law and Practice § 4317, at 367-369; *Goetz v General Acc. Fire & Life Assur. Corp.,* 47 Misc 2d 67, 69, *affd* 26 AD2d 635, *affd* 19 NY2d 762). We conclude that the facts herein satisfy that three-part test. The requirement that the accident arise out of the inherent nature of the automobile is most closely linked to the "motor vehicle qua motor vehicle" test enunciated by this Court in *Reisinger v Allstate Ins. Co.* (58 AD2d 1028, *affd* 44 NY2d 881). In *Reisinger,* it was held that injuries arising out of an explosion of a gas cooking stove in a motor home did not arise out of the use of motor vehicle as a motor vehicle, but out of the use of equipment built into the vehicle to serve some other function.

Here, the mechanical breakdown of the vehicle itself, rendering it impossible to transport the patient, unquestionably involved the "inherent nature of the vehicle". The second part of the test, involving the natural territorial limits of the vehicle, was also clearly met. The patient was actually placed into the ambulance when it failed. We need not now consider whether a breakdown of the vehicle before it reached the patient would meet that part of the test *(cf., Oakridge Community Ambulance Serv. v United States Fid. & Guar. Co., supra,* 278 Ore, at 27-28, 563 P2d, at 168). Finally, the third part of the test, that the vehicle must produce the injury, is also met. The complaint herein alleges in essence that decedent's death was due in whole or in part to Memorial's negligence in failing to transport decedent promptly to the hospital. If plaintiff can prove at trial that decedent's death was due to the failure to transport him to the hospital in the time that it would have taken the original vehicle to negotiate the trip, then plaintiff will have met his burden of demonstrating that the mechanical failure of the ambulance was a cause of decedent's death.

Accordingly, we would affirm the order of Supreme Court declaring that Lumbermen's is required to defend Memorial in the action brought by plaintiff.

DOERR and BOEHM, JJ., concur with LAWTON, J.; FALLON, J., dissents and votes to affirm in a separate opinion in which GREEN, J. P., concurs.

Order reversed, on the law, without costs, cross motion denied, motion granted, and judgment granted in accordance with the opinion by LAWTON, J.