OPINION OF THE COURT
 

 Levine, J.
 

 On January 12, 1986, an ambulance was called to assist plaintiff’s decedent, John Michaels, who was having trouble breathing. After he was attended to, he was placed inside the ambulance. Unfortunately, the ambulance could not be restarted. A new ambulance was summoned and arrived on the scene minutes later. Decedent was then transported by the second ambulance to a hospital where he died about 20 minutes later.
 

 Decedent’s estate brought suit alleging, among other things, that the failure of the first ambulance to start was due to negligent maintenance of the vehicle and that the delay caused or contributed to the death. Memorial, the ambulance company, holds a "business auto policy” which provides that the insurer will "pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies,
 
 caused by an accident
 
 and resulting
 
 *757
 
 from the ownership, maintenance or use of a covered auto” (emphasis added). The insurance policy also provides that the insurance carrier has the right and duty to defend any suit asking for these damages.
 

 The insurer was given timely notice of the claim against its insured, but disclaimed coverage and a duty to defend on the ground that the loss was not "caused by an accident” as the term was used in the policy. Memorial then commenced a third-party action against the insurance company alleging that the policy required it to defend and indemnify the insured. The insurer brought a motion for summary judgment seeking a declaration that it did not have a duty to defend or indemnify the insured. Memorial, the insured, cross-moved for summary judgment.
 

 Supreme Court found for Memorial, reasoning that the term "accident” as used in the policy should not be read to mean "collision”, but in its broader sense of unintended consequence. The Appellate Division reversed and granted the insurer’s motion on the ground that delay caused by mechanical failure was not an unusual, unexpected or unforeseen event (201 AD2d 117). Two Justices dissented holding that a mechanical breakdown of an ambulance constituted an accident. Memorial appealed to this Court as of right, and we now affirm.
 

 When interpreting the multifaceted term "accident” in an insurance policy, "we must construe the word 'accident’ as would the ordinary [person] on the street or ordinary person
 
 when he [or she] purchases and pays for insurance” (Johnson Corp. v Indemnity Ins. Co.,
 
 7 NY2d 222, 227 [emphasis added]), or, in a case such as this one involving a policy issued to a business, by examining the "reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract”
 
 (Bird v St. Paul Fire & Mar. Ins. Co.,
 
 224 NY 47, 51). The term "is not given a narrow, technical definition by the law. It is construed, rather, in accordance with its understanding by the average [person] * * *
 
 who, of course, relates it to the factual context in which it is used” (Miller v Continental Ins. Co.,
 
 40 NY2d 675, 676 [emphasis supplied]).
 

 Thus in
 
 Miller,
 
 we held that a death caused by an apparently inadvertent heroin overdose was properly found to be the result of "an accident” as the term was used in a life insurance policy because the death was " 'an unexpected,
 
 *758
 
 unusual, and unforeseen’ ” casualty
 
 (id.,
 
 at 677). However,
 
 Miller
 
 does not, as plaintiff would have it, stand for the proposition that
 
 any
 
 unexpected event is an accident. In other cases, we have focused on whether the casualty, although unexpected, was "catastrophic or extraordinary”
 
 (see, Matter of Connelly v Hunt Furniture Co.,
 
 240 NY 83, 86 [Cardozo, J.] [accident under the workers’ compensation statute]). Thus we distinguished cases where a disease is caught when germs are "absorbed into the system through normal channels of entry” from those caught "when the channel of infection is abnormal or traumatic” with the latter fairly construed as "something catastrophic or extraordinary * * * an accident”
 
 (id.,
 
 at 85-86;
 
 see also, Matter of Lerner v Rump Bros.,
 
 241 NY 153, 155).
 

 In this case, we must determine if mechanical failure and consequent delay is an accident within the meaning of the term as used in the policy. We conclude it is not.
 

 In our view, the average person purchasing automobile insurance for a business vehicle for injuries or property damage caused by an accident would not presume that damages arising from mechanical failure and delay would be insured against. The term "accident” as used in automobile insurance policies refers to an event involving some trauma, violence, or casualty, or application of external force in which the auto is involved. Such a construction is consistent with the way the courts have construed the term "accident” in other contexts
 
 (see, e.g., Jackson v Employers’ Liab. Assur. Corp.,
 
 139 Misc 686, 689,
 
 affd
 
 234 App Div 893,
 
 affd
 
 259 NY 559 [in a general liability policy "(t)he word 'accident’ * * * conveys a sudden and instant happening * * * assignable to 'something catastrophic or extraordinary’ ”];
 
 Matter of Connelly v Hunt Furniture Co., supra
 
 [workers’ compensation];
 
 Matter of Lerner v Rump Bros., supra
 
 [same];
 
 see also,
 
 10 Couch, Insurance § 41:10, at 15 [2d ed] [as used in health and accident insurance " 'in the term "accident” some violence, casualty, or vis major is necessarily involved’ ”]). It is also consistent with the interpretation of the word accident in automobile insurance policies by other State courts
 
 (see, Employers’ Commercial Union Ins. Co. v Danches,
 
 311 So 2d 758 [Fla Dist Ct App],
 
 cert denied
 
 327 So 2d 32 [Fla];
 
 Macon-Bibb County Hosp. Auth. v Continental Ins. Co.,
 
 196 Ga App 399, 396 SE2d 50,
 
 cert denied
 
 1990 Ga LEXIS 544). This customary concept of accident, as defined in this policy, was enlarged in only one respect, i.e., "accident” was defined to expressly include "continuous or
 
 *759
 
 repeated exposure to the same conditions resulting in bodily injury or property damage.”
 

 The mechanical failure and resulting delay of the ambulance in this case did not amount to an accident under either the customary definition of accident or the policy’s expanded definition. Specifically, there was none of the extraordinary factors that distinguish accidents from other merely unexpected events, i.e., trauma, violence, casualty, suddenness, or an application of external force in which the auto was involved, and there was no continuous or repeated exposure.
 

 We recognize, of course, that to the decedent the timing of the breakdown was indeed unexpected, unforeseen and unfortunate. However, the determination whether it was an accident should not be made by reference to the injured victim. "Because an injury is always fortuitous to a non-consenting victim, if its accidental character were to be judged in relation to such a victim, virtually all instances of compensable injury would also be instances of accident, and nothing would be accomplished by determining coverage in relation to occurrence rather than injury alone. Thus the general rule for applying 'accident’ * * * causation coverage looks to the insured defendant to determine whether the causal event was fortuitous or not”
 
 (Vermont Mut. Ins. Co. v Malcolm,
 
 128 NH 521, 523, 517 A2d 800, 802 [Sauter, J.]).
 

 In sum, the stalling and resulting delay of the covered vehicle was merely a series of routine, foreseeable, yet unfortunate events. However, it was not an "accident” within the meaning of the business auto policy. Consequently, there is no coverage required by the policy, and therefore, no duty to defend.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, with costs.