■ Westchester Square Medical Center, Respondent, v ITT Hartford Insurance Group et al., Appellants, et al., Defendants. [658 NYS2d 588] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered December 2, 1996, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, unanimously affirmed, with costs.

The insured, a hospital, is being sued in the underlying action by an individual who visited its emergency room, and, after treatment was rendered and no further treatment contemplated, slipped and fell on a curb-side ramp on the insured's property. The underlying complaint alleges a defective and dangerous condition on the insured's premises; no claim is made that the injuries were in any manner caused by the treatment the insured rendered. The insured is demanding that the insurer defend and indemnify it under a commercial general liability policy; the insurer is refusing under an exclusion for personal injuries sustained by patients, "patient" being defined as a "natural person who seeks or receives any form of medical care from the insured". The insurer argues that the only reasonable interpretation of this exclusion is that it covers all persons who are treated by the insured from the moment they enter its premises for treatment until they leave the premises, the broad language indicating an intention to cover persons who had just been treated and are therefore injury-prone because likely to be "sick, dizzy and medicated". We disagree. Clearly, the reasonable expectation of the ordinary hospital with separate malpractice insurance would be that a general liability policy such as this would cover a premises liability event such as is alleged in the underlying action (*see, Michaels v City of Buffalo*, 85 NY2d 754, 757; *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008). Broad as the exclusion is, it does not in clear and unmistakable language negate this reasonable expectation. The construction urged by the insurer is contrary to the principle that exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311). Thus, we agree with the motion court that the plaintiff in the underlying action was not a "patient" as defined in the policy. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.