■ FRANK SLOMAN, Respondent, v FIRST FORTIS LIFE INSURANCE COMPANY, Appellant. [698 NYS2d 295] —In an action to recover damages for breach of an insurance contract, the defendant, First Fortis Life Insurance Company, appeals from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered August 4, 1998, which, upon an order of the same court (Silverman, J.), entered November 12, 1997, inter alia, granting the plaintiff's motion for summary judgment, and upon a stipulated statement of facts as to damages, is in favor of the plaintiff Frank Sloman and against it in the principal sum of $9,000 and, in effect, directed the defendant to continue to pay the plaintiff the sum of $300 per month.

Ordered that the judgment is reversed, on the law, with costs, the order entered November 12, 1997, is vacated, the motion is denied, and the complaint is dismissed.

The plaintiff, Frank Sloman, enrolled in a group, long-term

disability policy issued to his employer by the defendant First Fortis Life Insurance Company (hereinafter First Fortis). The long-term disability policy contained a preexisting-condition exclusion which precluded coverage, *inter alia*, for an injury or related injury for which Sloman consulted with or received advice from a licensed medical practitioner during the six months before the effective date of the policy. During the six month exclusionary period, Sloman underwent surgery to remove herniated discs at the C4-C5 and C5-C6 levels and to fuse his vertebrae. After the effective date of the long term disability policy, Sloman was diagnosed with, *inter alia*, a herniated disc at the C3-C4 level. He also claims that as a result of this problem he began to suffer from depression. First Fortis relied upon the preexisting-condition exclusion and denied Sloman's application for long-term disability benefits.

The sole issue is whether Sloman's herniated disc at the C3-C4 level and his depression are related to his preexisting injury for which there was no coverage. While any ambiguities in the preexisting-condition exclusion are to be construed in Sloman's favor (*see, Mannino v Agway, Inc. Group Trust,* 192 AD2d 131; *Bunk v Blue Cross & Blue Shield,* 170 Misc 2d 416, *mod on other grounds* 244 AD2d 862; *see also,* Insurance Law § 3234), an undefined term in an insurance policy is to be construed so as to give the term its ordinary and accepted meaning (*see, Michaels v City of Buffalo,* 85 NY2d 754, 757; *County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 628; *Hartford Ins. Co. v Halt,* 223 AD2d 204, 212-213).

Prior to the commencement of litigation, Sloman's doctor stated unequivocally that the herniation at the C3-C4 level was caused by the spinal fusion surgery and the removal of the two herniated discs at the C4-C5 and C5-C6 levels. Similarly, after the litigation began, his doctor opined that the surgery was more than fifty percent responsible for the herniation at the C3-C4 level. Giving the word "related" its ordinary and accepted meaning (*see, Michaels v City of Buffalo, supra; Hartford Ins. Co. v Halt, supra*), it is clear that the preexisting-condition exclusion applies to bar coverage for the herniated C3-C4 disc. Similarly, two doctors who examined Sloman in connection with his depression concluded that Sloman had a preexisting mental condition which was greatly exacerbated by, *inter alia*, his physical pain and suffering and his loss of physical functions, both of which were directly attributable to his preexisting herniated discs, the subsequent surgery, and the herniation of the C3-C4 disc. Accordingly, the preexisting-condition exclusion also barred coverage for Sloman's depression. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.