Mitchell **BENESOWITZ**,
Plaintiff–Appellant,

v.

**METROPOLITAN LIFE INSURANCE COMPANY**, Plan Administrator of Honeywell Long Term Disability Income Plan, and Honeywell Long Term Disability Income Plan, Defendants–Appellees.

Docket No. 05–6382–CV.

United States Court of Appeals, Second Circuit.

Argued: Aug. 28, 2006.

Decided: Dec. 14, 2006.

Eve–Lynn Gisonni, Gisonni & Harms, LLP (Richard Harms on the brief), Woodbury, NY, for Plaintiff–Appellant.

Amy Posner, Metropolitan Life Insurance Company, Long Island City, NY (Allan M. Marcus, Lester Schwab Katz & Dwyer, LLP, New York, NY, on the brief), for Defendants–Appellees.

Robert H. Easton, Deputy Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Caitlin J. Halligan, Solicitor General, Benjamin N. Gutman, Assistant Solicitor General, on the brief), New York, NY, for Amicus Curiae State of New York in Support of Appellant.

Richard H. Streeter, Carolyn Doppelt Gray, Theresa L. Jakubowski, Barnes & Thornburg, LLP, Washington, DC; Lisa Tate, American Council of Life Insurers, Washington, DC, for Amicus Curiae American Council of Life Insurers in Support of Appellees.

Before WINTER, CABRANES, and POOLER, Circuit Judges.

POOLER, Circuit Judge.

Plaintiff Mitchell Benesowitz appeals a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*) dismissing his claim for long-term disability ("LTD") benefits. The employer plan providing LTD benefits to Benesowitz is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, but, to resolve this appeal, we must construe New York Insurance Law § 3234(a)(2), which provides: "No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person." Metropolitan Life Insurance Company ("MetLife"), which administers Benesowitz's former employer's LTD plan, denied Benesowitz's claim for LTD based on a provision of the plan that allows the permanent exclusion of LTD coverage for a disability caused by a pre-existing condition and arising during the first twelve months of coverage. MetLife urges that Section 3234(a)(2) allows it to create such a permanent exclusion provided that the disability arises during the first twelve months of coverage and is caused by a pre-existing condition. On the other hand, Benesowitz contends that Section 3234(a)(2) permits the employer only to exclude benefits during the first twelve months of coverage. We have previously—in dicta—described Section 3234(a)(2)

as "ambiguous." *See Pulvers v. First UNUM Life Ins. Co.,* 210 F.3d 89, 95 (2d Cir.2000). Because (1) we continue to find Section 3234(a)(2) ambiguous; (2) no New York court has definitively construed this statute; and (3) it is a question of significant importance to New York, we certify the question of the proper interpretation of Section 3234(a)(2) to the New York Court of Appeals.

## BACKGROUND

■ Benesowitz began working for the Honeywell Corporation on April 1, 2002, and was immediately covered under Honeywell's LTD plan, which is administered by MetLife. During the three months immediately prior to Benesowitz's hire date, he had been treated for kidney disease. On October 10, 2002, Benesowitz decided he could no longer work and applied for short-term disability benefits. MetLife paid Benesowitz short-term disability benefits from October 10, 2002, through March 16, 2003, but on April 4, 2003, the insurance company denied Benesowitz's February 27, 2003, application for long-term disability based on its pre-existing condition exclusion. This exclusion provides:

> Benefits will not be paid for any period of Disability caused or contributed to by, or resulting from, a Pre–Existing Condition. A "Pre–Existing Condition" means any Injury or Sickness for which you incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within three months before the most recent effective date of your coverage.

> The Pre–Existing Condition limitation will apply to any added benefits or increases in benefits. This limitation will not apply to a period of Disability that begins after you are covered for at least 12 months after the most recent effective date of your coverage, or the effective date of any added or increased benefits.

("plan provision").

On July 23, 2003, plaintiff filed an administrative appeal in which he argued that MetLife's interpretation of its plan language was inconsistent with Section 3234(a)(2). On October 14, 2003, MetLife denied Benesowitz's appeal.

Benesowitz subsequently filed this lawsuit to contest the denial. Over a year later, the parties cross-moved for summary judgment, and on September 15, 2005, Judge Platt granted MetLife's motion. The court first determined that MetLife was entitled to the deferential arbitrary-and-capricious standard of review because the Plan's summary description delegated discretionary authority to the plan administrator and the plan provision was not ambiguous. *See Benesowitz v. Metropolitan Life Ins. Co.,* 386 F.Supp.2d 132, 134–35 (E.D.N.Y.2005). Relying on *Pulvers,* the court then rejected plaintiff's argument that the plan's pre-existing condition provision violated Section 3234(a)(2).[1] *Id.* at 136–37.

On appeal, Benesowitz concedes that the plan provision precludes his receipt of LTD benefits; however, he argues that the district court erred by holding that the plan provision does not violate Section 3234(a)(2). He also contends that the court erred by using the arbitrary-and-capricious standard and asks that we

---

**1.** The district court's reliance on *Pulvers* was misplaced as we declined to reach the issue of the proper interpretation of Section 3234(a)(2) in that decision. *See* 210 F.3d at 96.

award attorneys' fees and pre-judgment interest.

By order made July 21, 2006, we invited New York to address the meaning of Section 3234(a)(2) and specifically "whether the rule that 'no pre-existing condition provision [in a disability insurance policy] shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person' means (1) that a policy may impose a twelve-month 'waiting period' during which coverage is excluded or (2) a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions." We alternatively phrased the inquiry as whether "if an insured becomes disabled (as a result of a pre-existing condition) during his first twelve months of coverage, does Section 3234(a)(2) allow an insurer to exclude coverage permanently, or must the insurer provide coverage after the remainder of the twelve-month period has passed?"

The Solicitor General of New York submitted a brief in which she urges that we adopt plaintiff's view that Section 3234(A)(2) permits the employer only to exclude benefits during the first twelve months of coverage.

## DISCUSSION

■ Where, as here, New York's highest court has not interpreted a New York statute, we "must either ... predict how the New York Court of Appeals would resolve the question, or ... certify the [statutory interpretation] question to the New York Court of Appeals for a definitive resolution." *Highland Capital Mgmt. LP v. Schneider*, 460 F.3d 308, 316 (2d Cir. 2006); see also 2d Cir. R. § 0.27 (permitting us to certify "to the highest court of a state an unsettled and significant question of state law that will control the outcome of a case pending before this Court"); N.Y. Comp.Codes R. & Regs. tit. 22, § 500.27(a) (authorizing certifications of determinative questions of New York law where there is no controlling precedent from the New York Court of Appeals). Before certifying, we consider whether (1) there are authoritative state court interpretations of the statutory language; (2) the issue is important to a state policy; and (3) certification can resolve the appeal. *See, e.g., City of Syracuse v. Onondaga County*, 464 F.3d 297, 318 (2d Cir.2006).

### A. No definitive interpretation.

■ We have found no New York case settling whether the statutory mandate that "[n]o preexisting condition provision [in a disability insurance policy] shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person," N.Y. Ins. Law § 3234(a)(2), means that (1) a policy may impose a twelve-month waiting period during which no benefits will be paid and after which payment must be made or (2) a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions that trigger disability within the first twelve months of the employee's coverage.[2] As we discussed in *Pulvers*, neither interpretation is compelled by the words of the statute. 210 F.3d at 95. Nothing in the plain text indicates that "twelve months" refers to a waiting period rather than to the time during which manifestation of a

---

2. In *Sloman v. First Fortis Life Insurance Company*, 266 A.D.2d 370, 698 N.Y.S.2d 295, 296–97 (2d Dep't 1999), the Appellate Division, Second Department, may have assumed that a plan provision similar to the provision in Benesowitz's policy operated to bar coverage rather than to create a twelve-month waiting period. However, the court did not address Section 3234(a)(2)'s applicability.

disability forecloses future recovery. Both interpretations are reasonable.

### B. The issue is of central importance to New York.

We are asked to construe a New York statute, a task that is obviously central to the jurisdiction of the New York courts. In addition, the insurance industry in New York is highly regulated by the state, and states have a strong interest in supervising highly regulated industries. *See Golden v. Winjohn Taxi Corp.*, 311 F.3d 513, 524 (2d Cir.2002). Various sections of the Insurance Law dictate the provisions that a policy issued in the state must contain, *see, e.g.*, N.Y. Ins. Law §§ 3221 (blanket provisions for group accident and health insurance policies), 3223 (same for group annuity contracts), 3232 (limiting pre-existing condition provisions in health insurance contracts), 3234 (limiting pre-existing condition provisions for group or blanket disability policies). Indeed, the Solicitor General has represented to this court that the Superintendent set allowable rates for disability insurance policies based on his understanding that disability benefits for a pre-existing condition will only be precluded for a twelve-month period. Conversely, MetLife contends that it has relied for years on the Superintendent's approval of its plan provision, which is now said to conflict with the statute, and that a change in the interpretation accepted in the insurance industry will "create havoc in the employee disability benefit plan arena." Thus, the issue central to this appeal is of exceptional interest to both insureds and insurers in New York, as well as to the state itself, which is responsible for regulating the relationship between insurers and insureds.

### C. The issue to be certified is dispositive.

Plaintiff raised three claims on appeal: (1) the standard of review employed by the district court; (2) the claimed conflict between the plan provision and Section 3234(a)(2); and (3) his entitlement to attorney's fees and pre-judgment interest. The last issue cannot be resolved until the proper interpretation of Section 3234(a)(2) has been established, and the first is a red herring under the circumstances of this case. The district court reviews a plan administrator's denial of benefits de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 575 (2d Cir.2006) (internal quotation mark omitted). Because Benesowitz has abandoned any claim based on the plan provision itself, the sole remaining issue is whether the plan provision conflicts with Section 3234(a)(2), which, in turn, requires the construction of Section 3234(a)(2). Because a decision in Benesowitz's favor on the issue we certify to the Court of Appeals would necessarily result in judgment in his favor just as a decision adopting MetLife's interpretation of Section 3234(a) would require judgment in favor of defendants, certification will likely dictate the result of both this appeal and district court proceedings on remand.

## CONCLUSION and CERTIFICATION

Having identified a dispositive issue of central importance to New York that has not been resolved by the New York courts, we hold that certification is appropriate. Accordingly,

(1) It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of the briefs, appendices, and record filed in this Court by the

parties and the amici. This panel retains jurisdiction so that after we receive a response from the New York Court of Appeals, we may dispose of the appeal.

(2) In accord with Second Circuit Local Rule § 0.27 and New York Court of Appeals Rules § 500.27(a), the Second Circuit CERTIFIES to the New York Court of Appeals the following question: Whether New York Insurance Law § 3234(a)(2) means that (1) a policy may impose a twelve-month waiting period during which no benefits will be paid for disability stemming from a pre-existing condition and arising in the first twelve months of coverage or (2) a policy may lawfully include a permanent absolute bar to coverage of disabilities resulting from pre-existing conditions that trigger disability within the first twelve months of the employee's coverage.