Prusik v Liberty Mut. Ins. Group Inc. (2021 NY Slip Op 06218)





Prusik v Liberty Mut. Ins. Group Inc.


2021 NY Slip Op 06218


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


398 CA 20-00497

[*1]BRIAN C. PRUSIK, PLAINTIFF-RESPONDENT,
v
LIBERTY MUTUAL INSURANCE GROUP INC., DEFENDANT-APPELLANT, AND GEDDES FEDERAL SAVINGS AND LOAN ASSOCIATION, DEFENDANT-RESPONDENT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY SCHOONMAKER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (ANDREW J. RYAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
THE MATHEWS LAW FIRM LLP, SYRACUSE (DANIEL F. MATHEWS, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 24, 2020. The order, inter alia, granted in part plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety and as modified the order is affirmed without costs.
Memorandum: This action arises from an insurance coverage dispute with respect to a theft provision contained in plaintiff's homeowner's insurance policy with defendant Liberty Mutual Insurance Group Inc. (Liberty Mutual). Plaintiff owned a home that he refinanced through a lender who later assigned the mortgage to defendant Geddes Federal Savings and Loan Association (Geddes). The property was insured by Liberty Mutual. Between 2014 and 2015, plaintiff defaulted on his mortgage with Geddes and vacated the residence. He then filed for bankruptcy.
After commencing a mortgage foreclosure proceeding in March 2017, Geddes secured the property and changed the locks. Due to the stay arising from plaintiff's bankruptcy filing, Geddes discontinued the foreclosure action in May 2017. A month later, Geddes instructed a property maintenance company acting as its agent (maintenance company) to inspect, secure and maintain the property, which allegedly had been vandalized several times. The maintenance company cleared out the house by removing debris and rubbish, and placed the items into dumpsters. According to an employee of the maintenance company, there were no items of value in the house when they cleaned it out. Plaintiff alleges, however, that many valuable items of property were removed from his house by the maintenance company, including computers, furniture, clothes, beds and dishes. He commenced this action seeking to recover damages in connection with the loss of such property.
Plaintiff thereafter moved for summary judgment on the complaint, contending, inter alia, that Liberty Mutual breached the insurance contract by disclaiming coverage for the loss on the ground that the property removed and thrown out was not a theft for purposes of the policy, and thus not a covered peril. Liberty Mutual cross-moved for summary judgment seeking, inter alia, dismissal of the complaint against it on the ground that no theft occurred within the meaning of the policy. Supreme Court, inter alia, granted that part of plaintiff's motion with respect to Liberty Mutual, and denied Liberty Mutual's cross motion, determining that a theft occurred as a [*2]matter of law. Liberty Mutual appeals.
The central issue on this appeal is whether the removal of items from plaintiff's property constitutes a theft under the homeowner's policy issued by Liberty Mutual. The policy provides coverage for "[t]heft, including attempted theft and loss of property from a known place when it is likely that the property has been stolen." However, "[t]heft" is not defined in the policy. Because that term is undefined in the policy, it should be construed "so as to give the term its ordinary and accepted meaning" (Sloman v First Fortis Life Ins. Co., 266 AD2d 370, 371 [2d Dept 1999]; see Wirth v Liberty Mut. Ins. Co., 122 AD3d 1364, 1365 [4th Dept 2014]). Policy provisions " 'must be interpreted according to common speech and consistent with the reasonable expectation of the average insured' " (Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]).
Contrary to Liberty Mutual's contention, the court properly denied its cross motion with respect to the issue whether a theft occurred under the policy. Initially, Liberty Mutual contends, and we agree, that "the average policyholder of ordinary intelligence" (Abrams v Great Am. Ins. Co., 269 NY 90, 92 [1935]; see Federal Ins. Co. v International Bus. Machs. Corp., 18 NY3d 642, 648 [2012]) would not think that the maintenance company's employees committed theft by removing items from plaintiff's house and placing them in garbage dumpsters on the front lawn. Indeed, they did not steal or take anything. They simply moved items from one part of plaintiff's property to another. We conclude, however, that a triable issue of fact exists whether some unknown person or persons entered the residence before it was cleaned out by the maintenance company and stole the items that plaintiff claims were missing. By submitting only the policy in support of its cross motion, Liberty Mutual failed to meet its initial burden of eliminating all triable issues of fact with regard to whether a theft occurred (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). As plaintiff correctly asserts in his brief on appeal, "if Geddes did not remove the personal property from the [r]esidence, and it was instead removed by other unknown thieves, Liberty Mutual is still obligated [under the policy] to cover the theft loss."
We nevertheless agree with Liberty Mutual that, in light of the foregoing, the court erred in granting that part of plaintiff's motion with respect to Liberty Mutual. As discussed above, the actions of the maintenance company's employees do not constitute theft under the policy and, furthermore, plaintiff's submissions on his motion fail to establish as a matter of law that any other person or persons committed theft under the policy. Plaintiff thus failed to meet his initial burden on his motion with respect to Liberty Mutual (see generally id.), and we therefore modify the order accordingly.
Finally, we reject Liberty Mutual's further contention that the court should have granted its cross motion insofar as it sought a conditional order of judgment for subrogation. Liberty Mutual's subrogation rights do not accrue until payment of a loss (see Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 581-582 [1995]; cf. generally McCabe v Queensboro Farm Prods., 22 NY2d 204, 208 [1968]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court